# TRACEY *v.* THE PEOPLE.

*(Supreme Court of Colorado, April Term, 1882—Error to the County Court of Rio Grande County.)*

1.  ORDINANCES—HOW PASSED. Sec. 26, Chap. C, G. L., 1877, requires the ayes and nays to be called and recorded in the passage of all ordinances and by-laws by municipal corporations. In respect to resolutions and orders, the rule is restricted by the section to such as relate to contracts.

2.  SAME—WHEN INVALID. In the passage of an ordinance concerning misdemeanors by a council or board of trustees of a municipal corporation, acting under the General Law, if the records of the corporation fail to show that the yeas and nays were called and recorded, the ordinance is invalid, and will not support a conviction.

3.  SAME—EVIDENCE. Upon the introduction in evidence of a town ordinance, all objections to its admissibility ought to be presented; but record evidence showing that such ordinance was not passed in conform-

ity with the requirements of the statute, may be introduced on behalf of the defendant in an action against him upon the ordinance.

4. SAME—PRESUMPTION. In the silence of the record of proceedings of the meeting at which the ordinance was adopted, no presumption obtains that other proceedings than those mentioned in the record took place.

BECK, J. Plaintiff in error was arrested upon charge of a misdemeanor in the violation of an ordinance of the town of Saguache. He was tried and convicted before a justice of the peace of Saguache county, and afterwards, by appeal and change of venue, the record was removed to the County Court of Rio Grande county.

A trial in the latter Court also resulted in a conviction. He now brings the record to this Court by writ of error, assigning for error, among other things, that the complaint charged no offense under the ordinance, and that the ordinance was invalid.

We have no hesitation in saying that the conduct of plaintiff in error warranted the complaint, and that the evidence showed a clear violation of the ordinance.

The validity of the ordinance is a more serious question. It appeared at the trial below that the record of proceedings of the corporation failed to show that the yeas and nays were called and recorded upon its passage, as required by statute.

On behalf of plaintiff in error, it is contended that the ordinance is invalid for this cause, and that the judgment must be reversed.

Counsel for the people assumes the position that the statute makes no such requirements for the adoption of ordinances of this character.

That such requirements are not mandatory, but directory merely.

That no objection having been made to the validity of the ordinance at time of its introduction in evidence, the objection was waived, and cannot now be entertained for the first time in this Court.

The language of Sec. 26 of the act entitled "An act in relation to municipal corporations," Gen. Laws, p. 896, is as follows:

"On the passage or adoption of every by-law or ordinance, and every resolution or order to enter into contract by any council or board of trustees of any municipal corporation, the yeas and nays shall be called and recorded ; and to pass or adopt any by-law, ordinance, or any such resolution or order, a concurrence of a majority of the whole number of members elected to the council or board of trustees shall be required; all appointments of officers by any council shall be by ballot, and a concurrence of a like majority shall be required, and the names of those who voted, and the vote each candidate received upon the vote resulting in an appointment, shall be recorded."

Counsel for the people argue that the ordinances referred to in this section include those only relating to contracts.

This position cannot be sustained. Different and distinct corporate acts are mentioned in this section, in the performance of which the same requirements are enjoined upon the council or board of trustees. The first is the passage of a by-law, which is a regulation usually made by a corporation for its own government. Clearly, the adoption of a by-law has no other relation to a resolution for entering into a contract, subsequently mentioned, than that "the yeas and nays shall be called and recorded" in the passage of both.

The words "*by-law* or *ordinance*" are employed in a general sense, and comprehend all by-laws and ordinances which shall be adopted by the corporation; while the succeeding words, "*resolution* or *order*," are used in a restricted sense, only those adopted for the purpose of entering into *contracts* being mentioned. The ayes and nays are required to be called and recorded "on the passage or adoption of *every by-law* or *ordinance*," but not on the passage or adoption of every resolution or order. As to the latter measures, the requirement is limited to the subject of *contracts*.

The same distinction is observable in the second clause of the section, respecting the vote necessary to pass these corporate measures. A concurrence of a majority of the whole number of members elected to the council is required to pass any by-law or ordinance; but the application of the rule to *resolutions* and *orders* is restricted, as in the first clause, to those concerning contracts, as is apparent from the words, " or any

3

such resolution or order." Had the terms "by-law" and "ordinance," as employed in the first clause of *section twenty-six*, been designed to relate only to contracts, it is but reasonable to infer that their application would have been limited in the second clause of the section, to the same subject matter, by the word *"such,"* as were the terms *"resolution"* and *"order,"* thus making the clause read: "And to pass or adopt any *such* by-law, ordinance, etc."

This is the only section in the act which contains general provisions prescribing the vote necessary to pass by-laws or ordinances, and the manner of taking and recording the votes.

All other sections of the act, except *section twenty-four*, contain different and independent provisions relating to the various subjects treated of in the act, and the only provision of *section twenty-four*, which is included in the phraseology of *section twenty-six*, is, that the passage of ordinances for the appropriation of money shall be by a majority vote. The provisions therein relating to *resolutions* and *orders* concerning the appropriation of money are not included in *section twenty-six*.

It is apparent, therefore, that the ordinance under consideration concerning misdemeanors was not passed in the manner prescribed by statute, if the yeas and nays were not called and recorded.

That the foregoing provision of the statute, requiring the ayes and nays to be called and recorded upon the passage or adoption of every ordinance, is mandatory, does not admit of any doubt under the authorities. The power conferred is limited, and can only be exercised in the manner prescribed. 1 Dillon Mun. Corpn., Sec. 229; *Morrison, admix.,* v. *City of Lawrence,* 98 Mass., 221; *Spangler* v. *Jacoby,* 14 Ill., 298; *Supervisors of Schuyler Co.* v. *People, etc.,* 25 Ill., 183.

But counsel for the people contend that the above objection to the validity of the ordinance not having been made in the County Court, cannot be made for the first time in this Court.

The rule is, that objections to the admission of testimony which may be obviated by the introduction of further testimony, shall be distinctly presented at the time the objectionable testimony is offered. *Cody* v. *Butterfield,* 1 Colo., 377; *McCraw* v. *Welch,* 2 Colo., 284.

But although an objection to this effect was not interposed upon the introduction in evidence of the ordinance, its validity was assailed by the testimony of the defendant, which afforded the plaintiff in error the same opportunity to obviate the objection as if it had been made at the proper time.

A certified copy of the proceedings of the board of trustees, had at the meeting in which the ordinance in question was adopted, certified by the keeper of the records to be a true and correct copy of all the proceedings of that meeting, appearing upon the records of the town of Saguache, was offered by the defendant and received in evidence.

This certified copy failed to show that the yeas and nays were called and recorded as required by statute. It stated what proceedings were had in relation to the passage of the ordinance, and we are not at liberty to presume that other proceedings, not mentioned, were had at its passage. *Ryan* v. *Lynch,* 68 Ill., 167.

Ample opportunity on rebuttal was afforded to contradict or refute the defendant's testimony upon this point, if it had been susceptible of refutation. We have seen that it was not, for which reason the rule of evidence contended for does not obtain. The objection to the ordinance being fatal to its validity, the judgment cannot be sustained.

The judgment is reversed and the cause remanded, with instructions to the County Court to dismiss the complaint.

*Judgment reversed.*

*Markham & Patterson,* for plaintiff in error.

*W. M. Van Liew,* for defendants in error.