## BROPHY v. HYATT.

1. Towns incorporated under the statute (Gen. St. p. 958) have power to declare what shall be a nuisance, to abate the same, and to impose fines for creating, continuing or suffering a nuisance to exist; also to regulate, restrain and prohibit the running at large of cattle, etc.
2. Under the amendatory act of 1879 (Gen. St. p. 999), such towns have the power to authorize the impounding and summary sale of cattle, etc., found running at large contrary to ordinance.
3. The object of the requirement of the statute, that upon the passage or adoption of an ordinance or by-law the yeas and nays shall be called and recorded, is to fix the individual responsibility for municipal legislation, of each member voting, by a permanent record. Any mode by which the vote of each member is clearly and definitely ascertained for the purposes of the record is sufficient; a call of the roll is not to be regarded as essential.
4. An ordinance providing for a notice of sale and the payment of the proceeds of the sale of an impounded animal to the owner, after deducting the costs of the proceeding, cannot be considered as declaring or working a forfeiture of the animal, or as in conflict with section 25, article 2, of the constitution.
5. The record of the appointment of a village marshal was read and approved by the board of trustees, as being in accordance with the facts. The validity of his appointment was questioned because the record was interlined. *Held*, that the interlineation was immaterial.

*Error to District Court, Conejos County.*

THIS is a suit brought by the plaintiff in error against the defendant in error, for trespass, for unlawfully taking, conveying away, detaining and selling a milch cow, the property of the plaintiff in error, to his damage in the sum of $100. Defendant in error admits the taking, conveying away, detaining and selling the cow, but justifies as marshal of the town of Alamosa, and that he took said cow while running at large in the said town, in violation of an ordinance requiring the taking up, impounding and sale of stock found running at large within the corporate limits of said town. All material allegations of the answer are denied by the replication. Judgment for the defendant and writ of error to the supreme court. Sections of ordinance considered:

"Sec. 16. It is hereby made the duty of the marshal to take up and confine in a secure pen, or place provided for the purpose, every hog, shoat, pig, goat, mule, horse, mare, gelding, stallion, jack, ass, jenny, sheep, ram or goose, or any cow, ox, calf, steer or bull found running at large within the corporate limits of the town; and no such animal taken up and confined as aforesaid shall be released until the owner or owners, or some person for him or them, shall pay to such officer having such animal in charge the sum of $1, as his fee for taking up, or receiving and discharging, each and every such animal taken up and confined as aforesaid, and the sum of fifty cents for the suitable and proper sustenance of each and every such animal, for every twenty-four hours the same shall be kept.

"Sec. 17. The marshal is hereby authorized and empowered to sell, at public vendue, any animals taken up and confined as aforesaid, five days' notice at least of place and time of sale having been given, by posting at least three notices in the most conspicuous places in said town. But if said animals, or any of them, are re-

deemed, or an offer is made to redeem them by paying the officer's fees, together with the expenses for sustenance, and advertising as aforesaid, at any time before they are actually sold, the same shall not be sold, but shall be released by the officer having the same in keeping.   The marshal shall render to the board of trustees, at least once each quarter, a true statement of all fees and money received by him for the animals sold, and the disposition made by him of such money.

"Sec. 18.   If any animal shall be sold for more than sufficient to pay the officer's fees and expenses aforesaid, such excess shall be, by the officer making the sale, deposited in the town treasury, to be paid upon the order of the board of trustees to the owner or owners of such animals, upon claim and proper proofs before said board."

Mr. C. C. HOLBROOK, for plaintiff in error.

Messrs. WELLS, SMITH and MACON, for defendant in error.

ELBERT, J.   It appears that the town of Alamosa was duly incorporated under the general statute concerning towns and cities.   Gen. St. 958.   By virtue of section 14, paragraph 45, of this act, the township authorities had power "to declare what shall be a nuisance, and to abate the same, and to impose fines upon parties who may create, continue or suffer a nuisance to exist."   And under paragraph 50, power "to regulate, restrain and prohibit the running at large of horses, cattle, swine, sheep, goats, geese and dogs, and to impose a license fee upon dogs.".   Under the amendatory act of 1879 (Gen. St. 999), they have power "to authorize the impounding and summary sale of horses, cattle, sheep, goats, swine and geese found running at large within such city or town contrary to any ordinance thereof."   Under these provisions, the power of the town authorities to pass the ordinance in question appears to have been ample.   The

record offered in evidence sufficiently showed the adoption of the ordinance in accordance with the requirements of law.

Section 3324 of the General Statutes provides that, "on the passage or adoption of a by-law or ordinance * * * by any council or board of trustees of the municipal corporation, the yeas and nays shall be called and recorded." In the case of *Tracey v. People*, 6 Colo. 151, this provision was held mandatory, and the case is cited in support of the objection that in the adoption of the ordinance we are considering there was no compliance by the town authorities with this mandatory statute. The object of the requirement that "the yeas and nays should be called and recorded," is to fix the individual responsibility for municipal legislation of each and every member of the council or board of trustees present and voting, by a sure, permanent and public record, showing how he voted upon each and every by-law or ordinance adopted. *Steckert v. City of East Saginaw*, 22 Mich. 109. In the case of *Tracey v. People, supra,* the minutes of the meeting of the board at which the ordinance in question was adopted recited only that the several articles of the ordinance were "adopted as read." This was clearly insufficient to show a compliance with the law. In the case at bar, the record of the meeting of the board of trustees recites, respecting the adoption of the ordinance we are considering, that "upon the ballot being spread for its approval and adoption, the votes stood as follows: Ayes, W. R. Neal, C. W. Givens, L. Conley, George H. Shone, D. R. Smith and William Sabine. Noes, none." We think this sufficient. The yeas and nays were ascertained and recorded. This satisfied the essential requirements of the statute. While the usual parliamentary mode of taking such a vote is by a call of the roll, and was doubtless contemplated by the law-maker, still it is not to be regarded as essential. Any mode by which the vote of each member is clearly

and definitely ascertained for the purposes of the record is sufficient.

In respect to the constitutional objections urged by counsel it may be said:

1. The ordinance does not, strictly speaking, declare or work a forfeiture of impounded animals, since it provides for the payment of the proceeds of the sale to the owner, after deducting the costs of the proceeding.

2. Notice of the sale is required to be given, and the owner, if his property has been wrongfully seized, has an ample remedy in an action to recover the property, or its value. Such an ordinance is not in conflict with section 25, article 2, of the constitution, which provides that "no person shall be deprived of life, liberty or property, without due process of law." This has been frequently held with respect to similar ordinances and constitutional provisions. 1 Dill. Mun. Corp. §§ 150, 348, and cases cited; *Gooselink v. Campbell,* 4 Iowa, 296; *Roberts v. Ogle,* 30 Ill. 460; *Hart v. Mayor, etc.* 9 Wend. 589; *Grover v. Huckins,* 26 Mich. 476; *Mayor, etc. v. Lanham,* 67 Ga. 753; *Mayor, etc. v. King,* 7 Lea, 442; *Campau v. Langley,* 39 Mich. 451; *Campbell v. Evans,* 45 N. Y. 356.

The objections taken to the validity of the defendant's appointment as marshal were not well taken. *First.* The election of Johnston, his predecessor, was only for one month, and his term of office having expired, it was competent for the board to elect a successor. *Second.* The record showed his election by ballot, if, as contended, this mode of appointment is contemplated by statute. That the record was interlined was not material, so long as it was read and approved by the board, as being in accordance with the facts. There is some contention that the prescribed notices were not posted for the length of time required by the ordinance, but an examination of the evidence leaves no doubt that the ordinance was complied with in this important particular. The judgment of the court below must be affirmed.

*Affirmed.*