## JANUARY TERM, 1895.

### THE PEOPLE v. RAIMS.

1. MUNICIPAL POWER—REGULATION OF LIQUOR TRAFFIC.

A town incorporated under the general statute has exclusive authority to license, regulate or prohibit the sale of intoxicating liquors therein and for one mile beyond its limits.

2. LEGISLATIVE AND MUNICIPAL POWER.

It is within the power of the legislature to delegate to municipalities authority to license, regulate or prohibit the sale of liquors within their limits, and to provide not only that the territory within the towns but also territory within designated distances beyond the outer boundaries thereof shall come under the operation of such granted power.

3. TOWN AND COUNTY LICENSES.

When the power of a town to license, regulate or prohibit the sale of liquor within defined limits is made exclusive, a license from the county to sell within such limits is not a defense to an action for violating an ordinance prohibiting such sale without a license from the town.

4. LICENSE NOT A CONTRACT.

A license is not a contract. It confers the right to do that which without it would be unlawful.

5. EVIDENCE—RECORD OF ADOPTION OF ORDINANCES.

It appearing from the record of a meeting of the town board with reasonable certainty that all the members were present and voted for the ordinance upon its passage and that it was passed unanimously: *held*, that it showed a compliance with the provision of the statute requiring the yeas and nays to be called and recorded upon the passage or adoption of an ordinance.

*Error to the County Court of Arapahoe County.*

Mr. CHAS. W. EVERETT, for the People.

No appearance for defendant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This is an action against the defendant, Dominic Raims,

charging him with the violation of an ordinance of the town of Elyria regulating the sale of liquor. In the police magistrate's court, where this action was originally brought, a fine was assessed against the defendant; from that judgment the defendant appealed to the county court, where a trial was had by the court without a jury and the defendant was discharged. The plaintiff brings the case here upon writ of error.

There being no appearance for the defendant in error, we must look to the record and to the argument of plaintiff in error to ascertain the grounds upon which the court based its judgment of dismissal. There are no disputed questions of fact. The evidence is in the form of an agreed statement of facts, the ordinance book and the record book of the town, the supplemental record of the board of trustees as to certain corrections and amendments of the record of the proceedings of the board when the ordinance was passed, setting forth what took place at that time, and oral testimony by the mayor and clerk of the town as to the manner of the passage of the ordinance.

From this evidence it appears that the place of business of the defendant is within the limits of Arapahoe county, and not within any incorporated city or town. It is within one mile of the outer boundaries of the town of Elyria, and, as to location, sustains the same relation to the town of Argo. Both of these towns are incorporated under the general incorporation laws of the state,—Elyria on the first day of August, 1890, Argo at an earlier date. The boundaries of these towns are not contiguous, though evidently it was contended in the court below that inasmuch as defendant's place of business was within one mile of the limits of each town, the boundaries of the two towns adjoined, in the sense of the word as employed in the statute.

Prior to the incorporation of the town of Elyria, the defendant was engaged in selling liquor at his place of business in quantities less than one quart, and on the 4th day of August, 1890, he applied to the board of commissioners of Arapahoe

county for a liquor license, paid the fee exacted, and thereafter received such license from the county granting him permission to sell for a period of one year.

On the 17th day of February, 1891, the board of trustees of the town of Elyria passed an ordinance, section 2 of which prohibited the sale of liquor within the limits of the town, and within one mile beyond the outer boundaries thereof, unless the dealer secured from the town a license therefor. Other sections of this ordinance provide a penalty for the violation of section 2, and there are other sections for carrying into effect the provisions of the ordinance. The defendant never had a license from either Elyria or Argo to sell liquor at his place of business, and he admits that he was selling liquor thereat on the 7th day of May, 1891, as charged in the complaint filed in the office of the police magistrate. The regularity of the proceedings before the police magistrate's court is conceded, but the validity of the ordinance is attacked on the ground that the yeas and nays were not called when the ordinance was on its passage, and that the vote thereon was not recorded as our statute requires.

The oral testimony and the supplemental record of July 18, 1891, if they are to be considered at all, show conclusively that strict compliance was had with the statute. The questions involved here are:

*First:* Has the town of Elyria authority, under the statute enumerating the powers of municipal corporations, to enact an ordinance regulating the sale of liquor beyond the outer boundaries of the town, and within one mile of its limits?

*Second:* Was the county license issued to the defendant a protection to him against the proceedings instituted against him by the town authorities of Elyria?

*Third:* Is the record of the proceedings of the board of trustees of the town of Elyria at the date of the passage of such ordinance sufficient to establish its validity? If not, is oral evidence permissible to show compliance on the part of the board of trustees with section 4445 of Mills' Statutes (Gen. Stats., sec. 3324), which requires that the yeas and

nays shall be called and recorded on the passage or adoption of every ordinance?

The first two questions may be considered together. The statutes under which this ordinance was passed, in so far as the same are pertinent here, are as follows: " The board of trustees of every incorporated town shall have *exclusive* authority to license saloons, groceries, and all places wherein spirituous, vinous, malt, or other intoxicating liquors are sold." Sec. 2833 Mills' Statutes (Gen. Stats., sec. 2106). Section 4403, subdivision 18, Mills' Statutes (Gen. Stats., sec. 3312), among other things, gives to an incorporated town " the exclusive right to license, regulate or prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor within the limits of the town, or within one mile beyond the outer boundaries thereof, except where the boundaries of two towns adjoin."

No authority need be cited to the effect that the regulation of the liquor traffic is purely a legislative power, and that it is also clearly within the power of the legislature to delegate to the municipal authorities the power to regulate, license or prohibit the sale of liquors within their own limits.

We are aware of no rule that requires the legislature, in its grant to towns of the authority to regulate this traffic, to confine the exercise of such power to the limits of the towns themselves. On the contrary, it is within the power of the legislature, in delegation of such authority, to provide that not only the territory included within the limits of the towns, but also territory within certain designated distances beyond the outer boundaries thereof, shall come under the operation of such granted power. *The Chicago Packing, etc., Co. v. The City of Chicago*, 88 Ill. 221.

In chapter 76 of Mills' Statutes, is found the general authority of the board of county commissioners to grant licenses for the sale of liquor. The defendant admits that he was selling liquor at his place of business in May, 1891, but says that his license from the county of Arapahoe, granted in the month of August, 1890, to sell for one year thereafter,

is a good defense to this action of the town of Elyria. The argument is that the county of Arapahoe is given the authority by the statute to regulate the sale of liquor within the county. After Elyria was incorporated as a town, and before it exercised its power to pass an ordinance assuming to regulate the sale of liquor within the disputed territory, the defendant obtained a license from Arapahoe county to sell for the period of one year. During such period this license was all the authority that defendant required for conducting his business, because the statutes of the state having given Arapahoe county control over the liquor traffic within its territory, and like authority to the town of Elyria, the county having first exercised such control and granted to defendant the right to sell, the authority of the town was suspended during the life of the license.

The reply to this argument is that the very words of the statute give to the town *exclusive* authority to license all places wherein liquors are sold within this disputed territory. This court has repeatedly held in effect that the statute means what it says, and that the jurisdiction of the town is exclusive of that assumed by the county. *Huffsmith v. The People*, 8 Colo. 175; *Rogers v. The People*, 9 Colo. 450.

But if this conclusion were wrong, another and satisfactory reply is that even though the authority of the town is not *exclusive*, still, as defendant's counsel would concede, the legislature has given both to the county and to the town authority to regulate such traffic at the place in controversy. The license is not a contract. As this court, and other courts, have often held, " A license confers the right to do that which without the license would be unlawful." The legislature having the right absolutely to prohibit such sales as defendant was making, has also the right to confer, and did confer, upon the county and upon the town the same power of prohibition. When, however, it provided for a license of this class of traffic, it had the power to require that defendant should procure such license both from the county and from the town. So, whether we hold that the authority of

Elyria is *exclusive* of Arapahoe county, or that they had concurrent jurisdiction, the same conclusion will be reached. If the jurisdiction of the town is *exclusive*, the defendant's license from the county is no defense to this action. If the jurisdiction of the town and county is concurrent, the defendant must procure a license from both before he can legally engage in the traffic. *Heinssen v. The State*, 14 Colo. 228, and authorities there cited.

Assuming that section 4403 of Mills' Statutes gives the town exclusive authority, it is said that the location of the defendant's place of business makes Argo and Elyria " adjoining " towns within the purview of the statute, and so takes this case out of its operation, and revives the jurisdiction of the county of Arapahoe. Without expressing an opinion upon this point, it is sufficient to say that the defendant having no license from the town of Argo, cannot avail himself of this defense, if any it be, and this case should be decided as though the town of Argo were not in existence.

The attack upon the validity of the ordinance is not successful. The record of February 17, 1891, is not a model, but it appears therefrom with reasonable certainty that all the members of the town board were present at the meeting, and that the entire six voted for the ordinance upon its passage, and that it was passed unanimously. The clerk in writing the record confuses the dates by making it appear that the ordinance was passed August 28, 1890, instead of February 17, 1891 ; but a fair construction of the entire record leaves no doubt that the statute in question was complied with. Even if the original record showed that the ordinance was invalid for the reasons alleged, the supplemental record shows a literal and exact compliance with the statute. The defendant having acquired no rights between the time when the original record was made up and the time of the supplemental record, the introduction of the latter in evidence was proper. *Brophy v. Hyatt*, 10 Colo. 226 ; *City of Solomon v. Hughes*, 24 Kan. 211; *Barr v. Auburn*, 89 Ill. 361; Dillon Mun. Corp. (4th Ed.) sec. 297 ; Horr & Bemis'

Mun. Police Ordinances, secs. 58, 59, and authorities there cited.

For the reasons above stated, the judgment should be reversed.

*Reversed.*