## Meskew v. City of Highlands.

1. Liquor Traffic—Licenses.

Exclusive jurisdiction is given to cities and towns to prohibit the sale of liquor within their limits and for a distance of one mile beyond. *Held*, in a case where the defendant was found guilty of selling liquor in violation of an ordinance of a town within the specified distance of that town and another, but not within the limits of either, when he neither pleaded nor proved possession of a license from the adjacent town, the conviction must be upheld.

2. Same.

It seems that the selling of liquor at a place within the one mile limit of two towns, but not within the corporate limits of either, is, without a license from both, unlawful.

3. Same.

A county license to sell liquor is not available as a defense to a prosecution for selling in violation of a town ordinance.

*Error to the County Court of Arapahoe County.*

Mr. W. T. Rogers and Mr. John T. Deweese, for plaintiff in error.

Mr. F. A. Williams and Mr. G. Q. Richmond, for defendant in error.

Bissell, J., delivered the opinion of the court.

James Meskew was prosecuted before a magistrate for the unlawful sale of liquors against the provisions of an ordi-

nance of the town of Highlands. He was convicted and fined. He then prosecuted an appeal to the county court, where the case was again tried, and he was found guilty, and sentenced to pay a fine of $200. From the latter judgment he prosecutes error to this court, and seeks to reverse it on two general propositions. These are the only matters of sufficient consequence suggested by the record or in the briefs of counsel to require consideration, or on which the judgment could be reversed. The bases of these contentions are that the point at which Meskew sold the liquor, which was adjudged a crime as against the ordinance, was within the county of Jefferson, and also within a mile of other incorporated towns in the limits of Arapahoe county.

We are relieved of any embarrassment or difficulty in the settlement of these errors by a decision of the supreme court rendered in 1895. *People v. Raims*, 20 Colo. 489. In a lucid and satisfactory opinion by Mr. Justice Campbell both these questions have been resolved against the plaintiff in error. It will neither advantage the defendant nor be of benefit to the profession to restate the reasons on which that decision is based. In this case, as in that, the defendant neither pleaded nor proved as a defense the possession of a license from the other adjacent towns. It is, therefore, of no consequence that the facts happened to be as they are contended with respect to the location of the other incorporations; and since it appears from the record that he sold liquor within the limit of a mile of Highlands, contrary to an ordinance, which was proven, his guilt was established.

The other defense—of a license from the county authorities of Jefferson county—is equally unavailable. Exclusive jurisdiction is by the legislature conferred on towns and cities to prohibit the sale of liquors within their limits and a certain specific distance beyond, and when the towns or cities have acted in the premises, and passed ordinances prohibiting the sale of liquor at the place where the crime is alleged to have been committed, it is no defense to either insist or prove that the defendant possesses a license issued by the county

authorities. We are unable to discover any difference in principle between the possession of a license from the county authorities of Arapahoe county, which happened to be the fact in the *Raims Case*, and the possession of a license from the authorities of Jefferson county. The legislature undoubtedly has the right to confer on towns the exclusive right to regulate and license the sale of liquors, and to prescribe the territory over which their jurisdiction shall extend. That that jurisdiction runs beyond the limits of a particular county seems to be entirely within the legislative power, which may, in its discretion, provide for this class of cases. This principle seems to be recognized in another case in the same volume, although it concerns a totally different question. *City of Denver v. Coulehan*, 20 Colo. 471.

These considerations dispose of the only errors urged on the argument, or of sufficient consequence to admit of discussion; and, since the judgment is fully sustained by these authorities, it must be affirmed.

*Affirmed.*