SUMMIT COUNTY, by JOHN L. BOYDEN, CLERK OF SAID COUNTY, APPELLANT *v.* SANFORD GUSTAVESON, RESPONDENT.

COUNTY ORDINANCES — PUBLICATION — VALIDITY — STATUTORY AND COMMON LAW RIGHTS AND REMEDIES.

1. *County Ordinance—Publication—Validity—Mandatory Statute.*
   The provisions of Sec. 519 R. S. 1898, requiring the publication of county ordinances with the names of the members of the board of county commissioners voting for and against the same, are mandatory; and a county ordinance published without the names of the commissioners voting for and against it is invalid.

2. *Rights Created by Statute—Remedy Exclusive—Common Law Rights and Remedies.*
   When the right and the remedy are both created by statute or by ordinance, that remedy only can be followed. If the right exists at common law the remedy provided by statute or by ordinance may be regarded as cumulative. There was no authority under the ordinance to bring this action to recover the license.

3. *Question not Presented to Trial Court, not Discussed.*
   A question which was not presented to or passed upon by the trial court will not be discussed by the supreme court.

(Decided November 10, 1898.)

Appeal from the District Court Summit County, Hon. A. G. Norrel, Judge.

Action by Summit County against Sanford Gustaveson in assumpsit to collect the sum of $100, the amount claimed to be due from the defendant to the county for carrying on the business of grazing, herding and pasturing 2,000 sheep in the county without obtaining a license under an ordinance passed by the county commissioners. From a judgment for defendant the county appeals. *Affirmed.*

*Henry Shields, Esq.*, and *Messrs. Williams, Van Cott & Sutherland*, for appellant.

That the ordinance passed by the board of county commissioners was valid as published without the names of the members voting for and against it, see *Elmensdorf* v. *The Mayor and the City of New York*, 25 Wendell, 693; *Striker* v. *Kelly*, 7 Hills Rep., 9; Matter of Mount Morris Square, 2 Hills, 14–20; *Wiggin* v. *Mayor, etc.*, 9 Paige, 1624; *Blanchard* v. *Bissell*, 11 Ohio St. 96; *City of Sacramento* v. *Dillman*, 102 Cal., 107; *Commonwealth* v. *Davis*, 140 Mass., 485; *Parkinson* v. *State*, 14 Md., 184; same case, 74 Am. Dec., 522.

That the remedy pursued was the proper one and the ordinance providing no special means for the recovery of the license, a suit to recover the same would be implied. Cooley on Taxation, 2d ed. 435. To the same effect is the doctrine laid down in: 2 Desty on Taxation, 706; *People*

v. *Seymour*, 16 Cal. 332; *City of Oakland* v. *Whipple*, 39 Cal. 112; *County of Eldorado* v. *Meiss*, 100 Cal. 268; *Gibson* v. *Mason*, 5 Nevada 283; *Salt Lake County & Territory of Utah* v. *Robert J. Golding, et al.*, 2 Utah, 319.

*Messrs. Brown & Henderson* and *Messrs. Moyle, Zane & Costigan*, for respondent.

This suit cannot be maintained because there is no authority for bringing a civil action for the amount of the license. *County* v. *Abbott*, 77 Cal. 541.

The leading case upon this subject is *Steckert* v. *East Saginaw*, 22 Mich. 104. Followed by *McCormick* v. *Bay City*, 23 Mich. 457.

That the vote on the ordinance must have been recorded if the statute required it or the ordinance would be void, see: *Town of Olin* v. *Myers*, 55 Iowa, 209; *Morrison* v. *Lawrence*, 98 Mass. 219; Dillon on Munic. Corp., Sec. 291; *Spangler* v. *Jacoby*, 14 Ills. 297; *Supervisors of Schuyler County* v. *The People*, 25 Ills. 163.

MINER, J.

This was an action of assumpsit brought by Summit County against the defendant, to collect in a civil action the sum of $100, that being the amount claimed to be due from the defendant to the county for carrying on the business of grazing, herding, and pasturing 2,000 sheep in the county of Summit, without obtaining a license under an ordinance passed by the county commissioners. So far as material, the ordinance reads, as follows:

"The board of county commissioners of the county of Summit, do ordain as follows:

18 Utah—23.

"Section 1. Every person, company or corporation, engaged in the business of raising, grazing, herding or pasturing sheep in the county of Summit, State of Utah, must annually procure a license therefor from the county clerk, and make therefor the following payment:

"First—Those owning or having in their possession and under their control 5,000 or more sheep constitute the first class, and must pay $250 per annum for the first 5,000 sheep, and for every additional 1,000 sheep the sum of $50. * * *

"Fourth—Those owning or having in their possession, and under their control, 2,000 sheep, and less than 3,000, constitute the fourth class, and must pay $100 per annum. * * *

"Seventh—Those owning or having in their possession and under their control less than 1,000 sheep, constitute the seventh class, and must pay $25 per annum.

"Section 2. Every person who shall engage in the business of raising, grazing, herding or pasturing sheep, or be so engaged within the county of Summit, State of Utah, without first obtaining a license therefor, is guilty of a misdemeanor.

"Sec. 3. The county clerk of said county shall have the collection of the license provided for by this ordinance,

"And it is hereby made his duty to collect the same, and he may enforce the collection thereof as provided by section 2809, Vol. 2, Compiled Laws of Utah, 1888.

"Sec. 4. The said clerk shall collect a fee of $1, for each license sold, which shall be paid into the salary fund of the county."

The rulings upon which the case terminated in the trial court were in excluding the introduction of the ordinance in evidence,—first, on the ground that the same was not published with the names of the members of the county

court voting for or against it; and, second, because there was no authority for bringing a civil action of this nature for the amount of the license, under the provisions of the ordinance itself.

Sec. 519 of the Rev. Stats., 1898, so far as material here is as follows:

"The board of county commissioners of the county of _____ ordains as follows: 'Every ordinance shall be signed by the chairman of the board and attested by the clerk. On the passage of all ordinances the votes of the several members of the board shall be entered on the minutes, and all ordinances shall be entered at length in the "ordinance book." No ordinance passed by the board shall take effect within less than fifteen days after its passage, and before the expiration of the said fifteen days the same shall be published, with the names of the members voting for and against the same, for at least one week, in some newspaper published in the county."

We are of the opinion that the provision of the statute providing that "no ordinance passed by the board shall take effect within less than fifteen days after its passage, and before the expiration of the said fifteen days the same shall be published, with the names of the members voting for and against the same, for at least one week, in some newspaper published in the county," is mandatory.

The ordinance in question does not contain the name of any member of the board. It does not contain the name of any member who voted for or against it. It does not appear from the ordinance, as published, that any member of the county court voted for its adoption. It was designed by the statute to fix upon each member of the court who participated in the proceedings to pass the ordinance, to bear his exact share of the responsibility which he ought to bear, and that by such an unquestionable published record that he cannot, at any time thereafter

deny his participation therein, or the character of his vote when questioned by his constituents, or when assailed in court. Whenever such ordinance is questioned, the county should not be required to sustain its authority by resorting to parole evidence of bystanders, or associates of the officials.

The legislature understood too well the unsatisfactory character of that kind of evidence, and they did not intend that the power to call an officer to account for misconduct or error of judgment in the performance of an official act should depend upon that class of evidence. The legislature have therefore imperatively required that the ordinance, as published, should contain record evidence of a character that should not be open to contradiction or dispute. It is a matter of common knowledge that men acting in a body, under the cover of corporate privilege, will often do what no individual member would be willing to do, if acting alone upon his sole responsibility, and such men will sometimes vote aye or nay, or permit the matter to pass *sub silento* when they would not venture to record their names in favor of the measure. For the purpose of guarding against such evil, and to protect the citizen against the imposition and deception on the part of the board, or the imposition of improper or unnecessary burdens, and to show the public and those interested that the ordinance was in reality passed by a requisite vote, it was provided that the ordinance should be published with the names of those voting for or against the same. The language of the statute is imperative. When the particular mode or manner in which a corporation is to act is specifically declared by the law granting the power, the corporation or municipality can only act in that prescribed form. A contrary doctrine fails to have the sanction of the law, and is fraught with the most dangerous consequences.

We are of the opinion that the publishing of the ordinance with the names of the members of the court voting for or against the same, was mandatory and essential to validate the corporate act. This doctrine is announced by Judge Cooley in *Sackett* v. *East Saginaw*, 22 Mich. 104, and is approved in 1st Dillon on Corporations (4th ed.) Sec. 291. See also, *Town of Olin* v. *Meyers*, 55 Iowa, 209; *McCormick* v. *Bay City*, 23 Mich. 457; *Morrison*, v. *Lawrence*, 98 Mass. 219; *Spangler* v. *Jacobi*, 14 Ill. 296; *Reynolds* v. *Schweinfus*, 1 Sup. Ct. (Cin. Ohio,) 215; *Tracy* v. *People*, 6 Colo. 151; *City of Pontiac* v. *Oxford*, 49 Mich. 691.

In the ordinance it is made the duty of the clerk of the county to collect the license as provided by section 2809, 2 C. L. U. 1888. The section referred to provides for the foreclosure of mortgages on personal property, and the enforcement of liens thereon, and a justice of the peace is given jurisdiction where the sum claimed is less than $300.

This action was in assumpsit to recover the amount of the license. The right and the remedy were both created by the ordinance. The right did not exist at common law. When the right and the remedy are both created by ordinance, that remedy only can be followed.

In the *County of Montgomery* v. *Abbott*, 77 Cal. 541, the court said:

"Where a right is given and a remedy provided by statute (or ordinance, if valid), the remedy so provided must be pursued. True, where the right exists at common law, independent of statute, the remedy provided by statute may be regarded as cumulative. But here the obligation is created by statute, and the remedy is derived (if any remedy is furnished) directly or indirectly from statute."

Cooley on Taxation, page 435 (2d ed.)

We are of the opinion that this action cannot be maintained, because there was no authority under the ordinance to bring this civil action for the recovery of the license. We are also of the opinion that the ordinance is invalid.

Counsel in the case have discussed the question of the constitutionality of the statute and ordinance created under it, but, inasmuch as that question was not presented to or passed upon by the trial court, we refrain from any discussion of that question at this time. The subjects we have discussed were the only questions passed upon by the trial court.

The judgment of the district court is affirmed, with costs.

ZANE, C. J. and BARTCH, J. concur.