## No. 13,355.

PEOPLE EX REL. SANDERS *v.* HENDRICK.

(27 P. [2d] 493)

Decided November 6, 1933.  Rehearing denied November 27, 1933.

Mr. GILBERT SANDERS, pro se, Mr. FRANK H. HALL, Messrs. NORTHCUTT & NORTHCUTT, for plaintiff in error.

Mr. HORACE N. HAWKINS, Mr. HORACE N. HAWKINS, JR., for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

GILBERT Sanders, as relator, claiming to be entitled to the office of city attorney of Trinidad, instituted quo warranto proceedings to oust the incumbent, John J. Hendrick, and to have the relator adjudged to be the rightful officer. The court overruled the relator's demurrer to the respondent's answer, and, the relator electing to stand on his demurrer, the court dismissed the proceeding. We are asked to reverse the judgment of dismissal.

The record discloses the following facts: Trinidad is a city of the second class. The city council consists of a mayor and ten aldermen. The relator was city attorney on April 4, 1933, when a municipal election was held. On April 11, the council met, organized and proceeded to the election of a city attorney and other officers. The mayor and nine aldermen were present, one alderman remaining away. Five aldermen voted for the respondent and four voted for the relator. The mayor declared the respondent elected by a plurality vote, and then cast his own vote for the respondent and declared him elected by a majority vote.

Section 9171 of the Compiled Laws provides that "all appointments of officers by any council shall be by ballot," and that "a concurrence of a majority of the whole number of members elected to the council * * * shall be required." That provision was enacted in early days, and counsel for the respondent contend that, so far as it was intended to apply to cities of the second class, it was repealed by subsequent legislation, and therefore that the concurrence of a majority of those present, there being a quorum, is sufficient to appoint officers.

If the provision in question has not been repealed so far as cities of the second class are concerned, the respondent, not having received the votes of a majority of the whole number of members elected to the city council, was not elected city attorney; otherwise he was so elected.

The provision in question occurs in an act entitled,

"An act in relation to municipal corporations." It is found in section 2667 of General Laws of 1877 and in subsequent compilations, including Compiled Laws of 1921, where it appears in section 9171. The act was a comprehensive one and related to cities of both the first and second classes and to incorporated towns. Since 1877 the Legislature has passed a number of acts that deal with the election of officers in cities of the second class only. One act, however (S. L. of 1885, p. 287), applied to all cities having a population of less than 25,000, and provided that the police magistrate should be appointed "by the city council," but did not specify that the appointment should be by a concurrence of the whole number of members elected to the council. It provided that, "All acts, and parts of acts, inconsistent with the provisions of this act, are hereby repealed." Session Laws of 1887, p. 439, amending a section of the General Statutes of 1883 that related to cities of the second class only, provided that the treasurer should be elected by the qualified electors of the city. It also provided that the marshal, police, solicitor or city attorney and a police judge or magistrate should be elected by the city council; but contained no provision that a concurrence of all those elected to the council should be necessary to elect such officers. Session Laws of 1893, p. 460, provided that in cities of the second class the qualified electors should elect a police magistrate, a city marshal, a city clerk, a city attorney, a city engineer and a city street supervisor; and provided that, "All acts and parts of acts inconsistent herewith are hereby repealed." Session Laws of 1897, p. 279, provided that in cities of the second class a city treasurer should be elected by the qualified electors; and provided expressly for the repeal of all acts and parts of acts inconsistent therewith. Session Laws of 1901, p. 384, provided that in cities of the second class the qualified electors of the city should elect a mayor, a city treasurer, a city clerk, a city attorney, a city marshal, a police magistrate, a city engineer, a

city street supervisor, and two aldermen from each ward; and provided expressly that, "All acts and parts of acts inconsistent herewith are hereby repealed." Session Laws of 1907, p. 601, provided that the qualified electors should elect a mayor, a city treasurer, a city clerk and aldermen, and that the city council should elect and appoint a city attorney, a city marshal (chief of police), a city engineer, a city supervisor of streets, a superintendent of water, a superintendent of sewers, policemen and other officers. It contains no provision requiring the appointee to receive the votes of a majority of all the members elected to the council. Session Laws of 1915, p. 476, 1917, p. 527, 1925, p. 512, and 1933, p. 880, are similar in these respects to the act of 1907. The acts of 1907 and 1915 expressly repealed all inconsistent acts, and the act of 1917 expressly repealed the act of 1915.

■ It appears, therefore, that the Legislature removed cities of the second class from the operation of the above quoted provision of the general act of 1877, now C. L. section 9171, and legislated specially concerning the election of officers in cities of that class. Whatever contention may be made that some of the subsequent acts may be harmonized with the act of 1877, clearly this is not the case as to others. The act of 1887 changed entirely the method of electing the treasurer, thereby removing him from the operation of the act of 1877. The acts of 1893 and 1901 did the same thing with reference to the other officers; and the acts of 1907, 1915, 1917 and 1925 did the same thing with reference to the city treasurer and the city clerk. Not only did they provide for the election of those officers by the qualified electors, but they expressly repealed all acts and parts of acts inconsistent with that method of election. It needs no extended argument to demonstrate that the provision for election by the city council is utterly inconsistent with the provision for election by the qualified electors; therefore, the provision in the act of 1877, now C. L. section 9171, concerning election of officers by the

city council was repealed. It can be revived only by re-enactment. The repeal of the repealing acts did not revive the provisions of the act of 1877. Section 6518 of the Compiled Laws provides that, "No act or part of an act repealed by another act, shall be deemed to be revived by the repeal of the repealing act." The provision in question never has been re-enacted.

Session Laws of 1933, p. 880, in force March 12, amends the act of 1925, so as to provide: "That the qualified electors of the Cities of the second class, not under charter, shall * * * elect a Mayor, a City Clerk and a City Treasurer, * * * and * * * two (2) Aldermen from each of the several wards, * * *. Such Mayor and Aldermen shall constitute the City Council, and upon taking office shall proceed to the election and appointment of the following officers, viz.: one (1) City Attorney, one (1) Health Commissioner, one (1) City Engineer, one (1) City Supervisor of Streets, one (1) Superintendent of Water, one (1) Superintendent of Sewers, one (1) City Marshal who shall be Chief of Police, and such number of Policemen as in their judgment may be necessary to the peace and good order of the City, and such other officers as may be required by statute or ordinance, and may also appoint one (1) Police Magistrate. On the election of such officers the Mayor may vote only in the case of a tie." The act contains no provision concerning the number of councilmanic votes required to elect; hence the concurring vote of a majority of those present, there being a quorum, is sufficient to elect. 19 R. C. L. 890. In the present case a quorum was present, and the respondent received five of the nine votes cast. Although the mayor is a member of the city council, he is a non-voting member except in case of a tie vote. Even if he were entitled to vote and had deliberately refrained from voting, the same result would follow, for, as stated in 19 R. C. L. p. 890, "the weight of authority is to the effect that a majority vote need not be a majority of all

those present, if it has a majority of those voting and a quorum is in fact present."

Counsel for the relator say: "The court has repeatedly held that the provisions of section 9171, Compiled Laws, 1921, are mandatory." Of course they are mandatory where they apply. The cases cited to sustain that statement have no application to this case. *Town of Durango v. Pennington,* 8 Colo. 257, 7 Pac. 14, (1885), *Brophy v. Hyatt,* 10 Colo. 223, 15 Pac. 399, (1887), and *People v. Raims,* 20 Colo. 489, 39 Pac. 341, (1895), involved votes, not by city councils of cities of the second class, but by boards of trustees of incorporated towns, and besides, they had nothing to do with the election of officers. While *Sullivan v. City of Leadville,* 11 Colo. 483, 18 Pac. 736, (1888), involved the vote of the city council of a city of the second class, the action of the council had nothing to do with the election of officers, but was a resolution entering into a street grading and macadamizing contract, and was passed in 1879, shortly after the act of 1877 became effective.

The respondent was duly elected city attorney, and the judgment in his favor is right.

The judgment is affirmed.

Mr. Justice Campbell did not participate.