No. 13,795.

KINZIE *v.* INCORPORATED TOWN OF HAXTUN.
(50 P. [2d] 545)

Decided October 7, 1935.

Mr. CHALKLEY A. WILSON, for plaintiff in error.

Mr. GEORGE B. HASTINGS, Mr. J. L. RICE, for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THE parties appeared in the lower court in the same order as here and for convenience they will be designated respectively as plaintiff, and defendant or town.

The defendant is a municipal corporation organized under the laws of the state of Colorado, and is classified as an incorporated town. July 9, 1932, the Farmers State Bank, located in the town of Haxtun, failed. Defendant had on deposit in said bank at the time it closed the sum of $4,500. Plaintiff, at the time of the bank failure, was the town attorney of defendant. There appears of record in the minute book of defendant under date of January 2, 1933, the following: "After lengthy discussion, it was moved by M. E. Thornhill, seconded by R. V. Exstrom, that the town attorney take such action as he may deem necessary and to employ such assistance as he may deem necessary on a contingent basis, not to exceed twenty per cent (20%) of the amount recovered, in order to collect the $4,500.00 which the town had in

the Farmers State Bank when it closed. Motion carried.'' Following this alleged special employment, the plaintiff, acting for the municipality, filed a claim with the bank commissioner asking its allowance as a preferred claim for the amount of the deposit. Also, he filed suit against one of the sureties on a depository bond given by the bank, and filed a claim against the estate of a deceased surety on such depository bond. In these proceedings the plaintiff procured to assist him another attorney, one Chalkley A. Wilson, and agreed to pay him ten per cent of all moneys that might be recovered. The claim filed with the bank commissioner asking the full amount of the deposit was denied and no court action begun to recover the amount of the deposit. Later a general claim was filed with the bank commissioner. The suit against the surety company on the depository bond and the claim against the estate of the other surety on such bond were pending and undetermined at the time this suit was instituted. A dividend of twenty-five per cent was declared by the bank commissioner and the town received a payment of $1,130 on its claim. Suit was brought by plaintiff against the town for twenty per cent of the $1,130 dividend received. The town defended on the ground that all action taken by the plaintiff was under and by virtue of his employment as the duly appointed, qualified and acting town attorney.

On the trial plaintiff introduced the resolution above set out, testified to the work done, to the association of Wilson with him, to the value of the services performed, to the payment of the twenty-five per cent dividend, and that his employment by the defendant as town attorney required him to act only in an advisory capacity, draw ordinances for the town in case it needed them, and to meet with the board, that his employment did not cover the bringing of suits, and their prosecution for the town. At the close of the plaintiff's case the defendant moved for judgment, which motion was sustained by the court

and the cause dismissed, to which ruling and judgment the plaintiff assigns error.

Defendant supports its position on three grounds: First. That the work for which compensation was sought was within the scope of the regular duties of the town attorney, and that to permit the contract for contingent compensation to stand violated section 9125, C. L. 1921, which is as follows: "The emoluments of no officer whose election or appointment is required by this act shall be increased or diminished during the term for which he shall have been elected or appointed; nor shall any change of compensation affect any officer whose office shall be created under the authority of this act during his existing term, unless the office be abolished; in which case the emoluments of the office shall cease at the time of the abolishment of the office, and no person who shall have resigned or vacated any office shall be eligible to the same during the time for which he was elected or appointed, when during the same time the emoluments had been increased." Second. That the resolution adopted by the town council did not constitute a contract of employment with the plaintiff himself, but was a mere delegation of authority to the plaintiff to employ additional counsel to assist him to recover such funds and to pay such additional counsel a fee of not to exceed twenty per cent contingent upon recovery. Third. That the plaintiff is bound by the contract made at the time of his appointment as town attorney, and having accepted such employment at the rate of $25 per month, he was obligated to do all of the acts for which he now claims additional compensation, by reason of his original employment.

The trial judge, as is evident from observations made by him in ruling on the motion, was of the opinion that there is a statute defining the duties of a town attorney of an incorporated town. Section 9022, C. L. 1921, defines the duties of a city attorney of cities of the first class to be such as would include the services for which

plaintiff claims compensation, but we have not been referred by counsel to any statute, nor have we been able to find a statute, defining the duties of a town attorney of an incorporated town. Section 9064, C. L. 1921, among other things, provides: ''The board of trustees shall appoint a * * * town attorney, or shall provide, by ordinance, for the election of such officers * * * as they may deem necessary for the good government of the corporation, and shall prescribe their duties (when the same are not defined in this act) and compensation, or the fees they shall be entitled to receive for their services, and require of them an oath of office and a bond, with surety, for the faithful discharge of their duties.''

From the foregoing it is evident that it was the legislative intent that the board of trustees should fix and determine the character of the services to be rendered and the compensation to be paid to one appointed as attorney for an incorporated town.

The plaintiff testified as to the services he was required to render under his original contract of employment without objection on the part of defendant. Under such state of the record it was the duty of the trial judge to determine from the evidence the services required of the town attorney under his original contract of employment. In the absence of such determination it is impossible to say what services were required, and likewise impossible, in the absence of such finding, to determine whether the work performed and for which compensation is claimed in the instant case was or was not within the requirements of the original contract of employment. If the services rendered and for which compensation is here claimed were not within the requirements of such contract, then under our holding in *Town of Oak Creek v. Bomier,* 64 Colo. 31, 170 Pac. 190, where an ordinance of the town fixed the compensation for the town attorney ''for routine business and counsel,'' and provided further, ''That for special service he shall receive such compensation as shall be agreed upon by him and the board

of trustees," it would have been proper for the town to enter into a contract with the attorney to receive additional compensation for services not required by his original contract of employment.

The resolution fixing additional compensation and under which the plaintiff claims, is susceptible of two constructions: That it is a mere authorization to the plaintiff to employ and compensate additional counsel to assist him; or that it is an agreement to pay not to exceed twenty per cent of the amount recovered, to the plaintiff, out of which twenty per cent, the plaintiff shall compensate the assisting attorney, if he shall employ one.

A determination of the scope of plaintiff's duties under his original contract of employment will indicate which one of these two possible constructions is reasonable and consistent with the terms of the original contract. If the duties performed for which compensation is here sought were within the requirements of the original contract, it is not probable that the board of trustees would have offered additional compensation for the rendition of services required to be performed thereunder. If they were not within the terms of the original contract then the construction contended for by plaintiff is a reasonable construction and under the record as it now stands is consistent with the contract theretofore entered into.

For the reasons indicated the judgment is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE BURKE concur.