## No. 14,069.

### Kinzie *v.* Incorporated Town of Haxtun.
(.... P. [2d] ....)

Decided January 25, 1937.

Mr. Chalkley A. Wilson, for plaintiff in error.

Messrs. Hastings & Hastings, Mr. George B. Hastings, Mr. J. L. Rice, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

KINZIE, plaintiff below, sought to recover attorney's fees on an alleged special contract with the town council of the defendant town. On the dismissal of his case by the trial court he prosecutes error.

This matter was before the court on a previous occasion and is reported in 97 Colo. 456, 50 P. (2d) 545, wherein the facts are sufficiently stated so as not to require a restatement here, and, as the parties are the same, they will be designated as before.

The court in that case sent the matter back to the trial court with certain instructions, as appear at page 461 of the 97 Colorado Reports.

In the present inquiry plaintiff contends, among other things, that the trial court was limited by orders of this court and did not stay within those limitations. With this contention we cannot agree. The plaintiff was in position to and did determine the course of the litigation. It is apparent from the record that everyone concerned was satisfied to let the trial proceed on the theory of the plaintiff's special contract with the town council, and the defendant had a right to object to any improper testimony as the trial progressed. In any event, the plaintiff failed to establish his special contract and the trial court again dismissed the case.

Both parties agree that this matter may be disposed of on the application for a supersedeas, and so it will be.

The questions the court is called upon to determine are as follows:

1. Was the plaintiff's special contract within the provisions of section 9171, C. L. 1921? 2. Are these provisions mandatory? 3. May parol evidence be introduced to change the record?

Section 9171, C. L. 1921, reads as follows: "On the passage or adoption of every by-law or ordinance,

and every resolution or order to enter into contract by any council or board of trustees of any municipal corporation, the yeas and nays shall be called and recorded; and to pass or adopt any by-law, ordinance, or any such resolution or order, a concurrence of a majority of the whole number of members elected to the council or board of trustees shall be required; all appointments of officers by any council shall be by ballot, and the concurrence of a like majority shall be required, and the names of those who voted, and the vote each candidate received upon the vote resulting in an appointment, shall be recorded.''

There is no doubt in our minds that the alleged contract for professional services comes within the above section. The court held in the case of *Town of Durango v. Pennington,* 8 Colo. 257, 262, 7 Pac. 14, as follows: ''The formal proceedings failing to show that the yeas and nays were called and recorded, and that a majority of the whole number of trustees voted for the resolution * * * as required by the statute, the contract must be held null and void.''

█ On the proposition as to whether the provisions of this section are mandatory, that, too, is well settled. That they are was declared in *Tracey v. People,* 6 Colo. 151, which case has been consistently followed and the rule of which was reiterated as recently as in September, 1933. *People ex rel. Sanders v. Hendrick,* 93 Colo. 512, 517, 27 P. (2d) 493.

█ Finally, were the minutes of the town council the only evidence permissible to show what took place? We think so. To hold otherwise in cases of this kind would be to open up memory contests as to what transpired at meetings of town councils and other bodies, when the statute very plainly says their business shall be conducted in a definite and specific manner. The rule was stated by Mr. Justice Campbell thus: ''The statute construed [§9171, C. L. 1921] contemplated that the vote must be

taken in a certain way and record thereof made and that the record shall be the only evidence." *City of Denver v. Spencer,* 34 Colo. 270, 275, 82 Pac. 590.

We agree with the trial court that the case of *People v. Raims,* 20 Colo. 489, 39 Pac. 341, is distinguishable from the instant case, and does not help the plaintiff here.

Having so decided, it is unnecessary to consider the other points urged by plaintiff in his brief.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.