BREWSTER V. THE CITY OF DAVENPORT ET AL.

1. **Municipal Corporations:** POWER OF CITY COUNCIL. Where a committee was appointed by a city council to examine and report upon an application for the construction of a sidewalk, and one of the committee only reported, whereupon the sidewalk was ordered to be constructed, *held*, that the council would be presumed to have had sufficient knowledge of the subject to act intelligently thereon.

2. ———: ORDINANCE: RECORDS. Where the records of a city council show the adoption of an ordinance it will be presumed to have been adopted by the requisite majority.

3. ———: DELEGATION OF AUTHORITY. It is competent for a city council to delegate to a committee the requisite authority to construct a sidewalk.

4. ———: POWERS OF. The city council is authorized to determine the necessity of a sidewalk, and the courts will not interfere with its action in respect thereto unless it was procured by fraud.

| 51 | 427 |
| 87 | 346 |
| 51 | 427 |
| 95 | 77 |
| 51 | 427 |
| 101 | 419 |
| 51 | 427 |
| 113 | 622 |
| 51 | 427 |
| 122 | 692 |
| 51 | 427 |
| 125 | 644 |
| 51 | 427 |
| f142 | 742 |
| 51 | 427 |
| 143 | 708 |

*Appeal from Scott District Court.*

FRIDAY, JUNE 13.

PLAINTIFF presented his petition to the judge of the District Court, praying for a temporary injunction to restrain the city of Davenport from selling certain lots or land situated in the city upon an assessment made thereon for the purpose of constructing a sidewalk upon the street adjacent thereto. The injunction was refused, and from this action of the judge plaintiff appeals.

*Cook & Richman*, for appellant.

*H. M. Martin*, for appellee.

BECK, CH. J.—I. Plaintiff insists that, as shown by the petition, the city had no authority to order the construction of

1. MUNICIPAL corporations: power of city council.

the sidewalk for which the assessment sought to be enforced was made. The statute and ordinance of the city (Code, § 466; City Ordinance 51, § 2) provide that improvements of this kind, when not asked

by a majority of the resident owners of property abutting upon the street, "shall not be made until three-fourths of all the members of the city council shall, by vote, assent to the making of the same."

Plaintiff insists that the city council could not assent to the work for the reason that the councilmen did not have sufficient knowledge to act intelligently upon the subject. A committee was appointed to examine and report thereon; one only of the committee reported. We know of no reason why we may not presume that the council, individually and collectively, were fully informed of the facts connected with the work, and prepared to determine that it was required by the public wants. Indeed it appears to us that members of the city council, like all members of legislative bodies, may acquire knowledge of public affairs upon which they act from any and all sources—from observation, from public rumor, and from the opinion and advice of others. The committee was intended to gain information for the council. If the report of one member of the committee gave the council information which they believed demanded action, or if they had, of their own knowledge, such information, it is sufficient. The law bestowed upon them the authority to determine whether the improvement should be made. The law will presume they had sufficient intelligence and information to exercise this authority.

II. It is next urged that as the petition alleges that the journal of the proceedings of the city council fails to show
2. ——: ordi- that the resolution directing the construction of
nance: record. the walk was made by three-fourths of the members of the council, the improvement must be regarded as not having been legally ordered. The record shows that the order for the improvement and the assessment was adopted by the council. The statute and ordinance declare that the adoption of such order and resolution must be had upon the vote of three-fourths of the members of the council. We will

presume that the council and its officers understood the requirements of the law, and would not enter as adopted the resolution except upon a lawful vote. Such a vote is three-fourths of the members of the council; we will presume it was had. In ordinary cases a majority vote is necessary to adopt a resolution; if the record shows that the resolution was adopted it will be presumed to have been upon such a vote. The same presumption will be exercised in this case. But, in addition to these considerations supporting the proceedings, it may be said that defendants established, by the affidavits of the officers and many of the councilmen of the city, that the required three-fourths vote was had.

III. The first action of the city required the plaintiff to construct the sidewalk. Upon his failure to comply with this order the city, under an ordinance, proceeded to do the work. This ordinance provides that the street committee shall have the work done upon the failure of the lot owner to do it. Plaintiff objects to this ordinance, and the proceeding under it, on the ground that the power of the city was delegated to the street committee. We are unable to discover how the power of the city could have been exercised except through some officer or officers. The committee were the officers authorized by the ordinance to exercise the authority conferred upon the city; they, as officers, exercised the power which could have been exercised only by individuals for the city.

IV. It is urged that the chairman, without the concurrence of the other members of the committee, ordered the sidewalk to be made. It is shown that after the construction of the sidewalk the council assessed its cost against plaintiff. It thus approved the construction of the sidewalk. Whether it was done upon the order of the committee or chairman alone, it was ratified by the city council. The plaintiff could not have been prejudiced thereby.

V. It is lastly urged in the petition and by counsel that

the sidewalk was not demanded by the public wants, but was erected for the convenience of one individual. But these questions are for the determination of the city council. Except for the want of authority or for fraud, the court cannot interfere in the exercise of lawful municipal authority. It is made the duty of the city council to determine whether an improvement of this character is demanded by the public. With their determination, when fairly made in the exercise of competent authority, we cannot interfere.

4. ——: power.

The judgment of the District Court is

AFFIRMED.