## TOWN OF OLIN v. MEYERS.

1. **Municipal Corporations:** ORDINANCE: VALIDITY OF. It is essential to the validity of an ordinance of an incorporated city or town that the yeas and nays upon its passage should be recorded. The provisions of section 493 of the Code in this regard are mandatory.

| 55 | 209 |
|-----|-----|
| 122 | 692 |
| 55 | 209 |
| 133 | 584 |

*Appeal from Jones District Court.*

TUESDAY, DECEMBER 14.

THE defendant was prosecuted and convicted upon an information charging him with the violation of an ordinance of the incorporated town of Olin. He appealed to the District Court, where another trial was had, and he was again convicted, and he now appeals to this court.

*E. Keeler* and *B. H. Miller*, for appellant.

*J. W. Jamison*, for appellee.

ROTHROCK, J.—The information charged appellant with selling beer within said town contrary to the provision of an ordinance thereof. In addition to a plea of not guilty, the defendant pleaded a permit to sell ale, wine and beer within said town, and that such permit was issued to him under the provisions of ordinance No. 3 of said town, duly enacted and published as required by law.

1. MUNICIPAL corporations: ordinance: validity of.

Upon the trial the defendant sought to introduce said ordinance No. 3 in evidence. Numerous objections were made thereto by the plaintiff, among which was the following: "the record shows that the yeas and nays were not called on the final passage of the ordinance." The record upon the passage of the ordinance was as follows: "Council met pursuant to adjournment. Members all present. Ordinance No. 3 was

passed to its third and last reading, and was, upon motion, adopted."

Sec. 493 of the Code provides that, " On the passage or adoption of every by-law or ordinance      *      *      *      * the yeas and nays shall be called and recorded, and to pass or adopt any by-law or ordinance      *      *      *      *      a concurrence of a majority of the whole number of members elected to the council shall be required      *      *      *      * ."

If the yeas and nays were not required to be called and recorded we might presume that a majority of the members voted for the ordinance, as was done in *Brewster v. City of Davenport*, 51 Iowa, 427. But upon the passage of an ordinance no such presumption can be indulged, because the record must affirmatively show that the yeas and nays were called. They must be recorded. Counsel for appellee insists that this omission was a mere irregularity, which did not affect the validity of the ordinance. It appears to us that the above provision of the statute is mandatory, and that its observance is necessary to give validity to the ordinances of a municipal corporation. Dillon on Municipal Corporations, Vol. 1, Sec. 229.

The ordinance having no validity, it follows that all acts done under it are without the sanction of the law. The permit or license issued in pursuance of the void ordinance was also void, and was no protection to the defendant. It is proper to say that the ordinance in question was formally repealed by the ordinance under which defendant was prosecuted.

The foregoing view of the case leads us to an affirmance, and it is unnecessary to examine other questions discussed by counsel.

AFFIRMED.