Dickman, C. J.
As shown by the record, the defendant in error, Miss Jennie Best, some time prior to May 17, 1887, made a proposal by written application to the plaintiff in error, the Board of Education of New Concord Village School District, to teach the intermediate or primary department of the school of that district. At the regular June meeting of the board she was nominated for teacher, and her application, at her request, was considered among others, for appointment as a teacher in the intermediate department. At the meeting , of the board, two weeks later, in July, 1887, her application was rejected and another teacher duly elected. Notwithstanding the rejection of her application, she presented herself at the school house on the 5th day of September, 1887, when the scholastic year began, prepared to take charge of the school and teach it, but was not. permitted to do so.
It is contended in behalf of the defendant in error, that though not elected a teacher at the regular June meeting, she was duly and legally elected at the meeting of May 17, 1887, whereby a right of action accrued to her against the board when she was refused charge of the school.
Among the provisions applying to boards of education, it is provided by section 3985 of the Revised Statutes, that: “The board of each district shall make such rules and regulations as it may deem expedient and necessary for its government, *150 and the government of its appointees and pupils. ” In pursuance of this section of the statutes, the board adopted a set of ' rules and regulations, among which section 1, of article 3, reads as follows: “The teachers shall be elected by the board of education annually, and shall hold their position for one year, unless sooner removed by the board. The nominations for teachers shall be made at the June regular meeting’, and not be acted on for two weeks.” The wisdom of such a rule is obvious, designed and effective as it is to give an opportunity to become acquainted with the qualifications and fitness of the applicant. The board met on May 10, 1887, and without any suspension of rules, balloted without result for an intermediate teacher, and adjourned to May 17, for the purpose of electing’ teachers for the intermediate and primary departments. On May 17, 1887, without any suspension of rules, a motion to proceed to an election was carried'by unanimous vote, and the board then proceeding to an election, Miss Best was declared elected by unanimous vote for the intermediate department. On May 27, 1887, at a leg’al meeting’ of the board, this election was declared illegal.
It is contended in behalf of the plaintiff in error that the election was illegal for' noncompliance with the rules of the board, and for disregard of the statutory mode of election as prescribed by section 3982 of the Revised Statutes.
It is urged, however, on the part of the defendant in error, that the power of the board to make rules and regulations carries with it the power to suspend a rule, and that when, on May 17, the motion to then proceed to elect teachers was carried by unanimous vote, it worked a suspension of the *151 rule that nominations for teachers should not be acted on for two weeks.
We deem it unnecessary to consider whether the election of the defendant in error was void by reason of a failure to comply with the rule requiring such nominations to be made at the regular June meeting, and not to he acted on for two weeks. In our judgment, the election was without the sanction of law, because in disregard of the above mentioned section 3982. That section contains the following provision: “Upon a motion to adopt a resolution authorizing the purchase or sale of property, either real or personal, or to employ a superintendent, teacher, janitor, or other employe, or to elect or appoint an officer,-or to pay any debt or claim, or to adopt any text hook, the clerk of the hoard shall call, publicly, the roll of all the members composing the board, and enter on the record required to be kept the names of those voting ‘aye,’ and the names of those voting no.’ ”
The clerk is made the recording officer of the hoard, and it is incumbent upon him to call the roll on taking a vote. The statutory provision that he shall publicly call the roll, and enter on the record the names of those voting aye and the names of those voting no, is tantamount to a provision, that the vote shall be taken by yeas and nays and entered on the journal. It is not claimed, nor is it a fact, that at the election of the defendant in error as teacher, the clerk of the hoard called the roll and entered the ayes and noes as required by the statute.
But, it is urged that such requirement is not mandatory, but directory merely. Mandatory statutes are imperative, and must be strictly pursued, otherwise the proceeding which is taken *152 ostensibly by virtue thereof will be void. Sutherland on Stat. Con., section 454. It will be observed, that a motion to employ a teacher is placed on the same footing with a motion to adopt a resolution for the purchase or sale of real or personal property, or to pay any debtor claim — matters of such interest and importance as involving the expenditure of the school fund, that the statute should be strictly followed when a vote is to be taken on the adoption of such a motion.
By section 1694 of the Revised Statutes, ‘ ‘ ordinances of a general or permanent nature, shall be fully and distinctly read on three different days, unless three-fourths of the members elected dispense with the rule; and the vote on such suspension shall be taken by yeas and nays and entered •on the journal.” In Bloom v. Xenia, 32 Ohio St., 461, it was held that the section is imperative in its injunction that ordinances shall be read on three different days, unless the rule is dispensed with by a three-fourths vote; and the remaining .language of the clause is, we conceive, no less imperative or mandatory, that the vote on such suspension shall be taken by yeas and nays, and •entered on the journal. The principles announced in the last cited case were approved in Campbell v. Cincinnati, 49 Ohio St., 463, and we see no good reason why the most important duties enjoined upon boards of education, should be held less imperative than those of no geater importance that are made mandatory upon municipal councils. The authority of boards of education, like that of municipal councils, is strictly limited. They both have only such power as is expressly granted or clearly implied, and doubtful claims as to the mode of exercising the powers vested in them are *153 resolved against them. Clearly, these organizations that derive their existence as bodies politic and corporate from the legislature, cannot be allowed the same latitude in the observance of their statutory duties, as is permitted to the general assembly. Such subordinate bodies corporate are not privileged to treat express and explicit provisions of the statute as only directory, discretionary, because, there are provisions in the constitution that are held directory in their character for the reason that their observance by the general assembly is secured by their sense of duty and official oaths, and not by any supervisory power of the courts. .
It is said, however, that the primary object of the law in providing that the roll of members of the board shall be called publicly, and the names of those voting aye or no recorded, is to determine whether a teacher has been elected by the requisite majority; and that such object is fully attained when such evidence is produced, as appears in the minute book of the plaintiff in error, which contains the record: ‘ ‘ Board met; members all present. Miss Jennie Best was declared elected by unanimous vote for intermediate department. ” Where there is a viva voce vote, taken in the usual way, which is by a call.for all those who are in favor to say aye, and those opposed to say no, without entering at large on the minutes the names of those voting, the presiding officer judges by his ear which side has the more voices. But, if the vote of a, quorum is in favor of a motion or resolution and no vote is cast against it, the record may still be, that it was adopted unanimously, though some of the members present, in fact, abstained from voting. Steckert v. *154 The City of East Saginaw, 22 Mich., 104. To avoid uncertainty, therefore, in determining the conduct of boards of education in transacting such important official business as concerns the purchase or sale of property, the payment of debts or claims, and the selection of teachers who are to stand somewhat in loco parentis in training the minds, and shaping the moral character of their pupils, the general assembly has carefully guarded against ambiguity by prescribing a method of voting which should not be departed from, and in that regard, the rule expres'sio unius, should, we think, be strictly applied.
Steckert v. The City of East Saginaw, supra, was a bill to restrain the collection of an assessment for paving a street. The first ground of alleged invalidity in the proceedings was, that the several votes in the«common council ordering the improvement made, were not taken by ayes and noes, as required by the city charter. The provision of the charter was : ‘ ‘ Whenever required by two members, the votes of all the members of the common council, in relation to any act, proceeding or proposition, had at any meeting, shall be entered at large on the minutes. ’ ’ The record of the meeting of the council gives the names of all the aldermen present. After stating’ the resolutions ordering the improvement, there was this minute, “adopted unanimously on call.” The argument was that the record shows, first, the names of the several aldermen who were present when the action was had; second, that the roll was called on the vote; and third, that each of them, when the roll was called, voted for the adoption of the resolutions. This being so, the vote, it was contended, was in effect entered at large on the min *155 utes, and that the repetition of the names of the aldermen in the minutes would have been only ah idle ceremony, accomplishing no useful purpose.
It was said by Cooley, J., in pronouncing the opinion of the court: “We have found ourselves unable to take the same view of this record-that is taken by the counsel for defendants. There can be no'doubt that the provision of the statute which requires these votes to be entered at large on the minutes, was designed to accomplish an important public purpose, and that it cannot be regarded as immaterial, nor its observance be dispensed with. The purpose,' among other things, is to make the members of the common council feel the responsibility of their action when these important measures are upon their passage, and to compel. each member to bear his share in the responsibility, by a record of his action which should not afterwards be open to dispute.” See also Spangler v. Jacoby, 14 Ill., 297. The same views are similarly expressed in Judge Cooley’s treatise on Constitutional Limitations, as follows: “It is provided in the constitutions of some of the states that, on the final passage of every bill, the yeas and nays shall be entered on the journal. Such a provision is designed to serve an important purpose in compelling each member present to assume as well as to feel his due share of responsibility in legislation; and also in furnishing definite and conclusive evidence whether the bill has been passed by the requisite majority or not.” (6th ed., 168.)
The same doctrine is unqualifiedly approved by-Judge Dillon in his work on Municipal Corporations., after an examination of the authorities supporting the opposite view. Sec. 291 (229).
In Rich v. City of Chicago, 59 Ill., 286, the street *156 improvement was not asked for by the petition of the owners of a majority of the property to be assessed; and in such case, the city charter'declares, that the improvement “shall be ordered only by the votes of at least three-fourths of all the aider-men present, such vote to »be entered by ayes and noes on the record of the common council. ” It was objected that there was no valid ordinance commanding the improvement, or the assessment to be made. The court say: “It does not appear, from the record introduced, or otherwise, that this improvement was ordered by the votes of three-fourths of all the aldermen present, and it appears, affirmatively, that the vote was not entered by ayes and noes on the record. Wé must, therefore, regard the objection as well taken. ’ ’
In Cutler v. Town of Russellville, 40 Ark., 105, it was held, that the weight of authority and the better opinion seems to be, that a requirement that the yeas and- nays shall be called and recorded on the passage by a municipal council of an order or resolution to enter into a contract is designed to accomplish an important public purpose; and hence cannot be reg-arded as immaterial, nor its observance dispensed with. To the same effect are the decisions in Town of Olin v. Meyers, 55 Iowa, 209; Morrison, Administratrix, v. City of Lawrence, 98 Mass., 219, and in numerous other cases involving the same question.
For the aforegoing reasons, the election of the defendant in error by the board of education of the New Concord Village School District, was, in our opinion, illegal and void. And being so, the court of common pleas did not err in taking the case from the jury, and rendering judgment for the defendant below — the board of education. *157 The judgment of the circuit court should, therefore, he reversed, and that of the court of common pleas affirmed.

Judgment accordingly.