## W. B. COLLINS ET AL. V. CITY OF KEOKUK and HENRY REES, Appellants.

**Municipal corporations:** PUBLIC IMPROVEMENT: DISCRETION OF COUN-
1 CIL: REVIEW. The discretion reposed in a city council to determine whether public interest requires the improvement of streets and alleys is not open to judicial review, in the absence of some showing of fraud or oppression.

**Same:** CONTRACTS FOR PUBLIC IMPROVEMENT: FILING OF THE SAME.
2 The statute requires the filing of a contract for making a public improvement with the city clerk prior to the commencement of the work; but where it appears that the work was done under a contract, mere failure of the clerk to discharge his ministerial duty to file the same will not render the contract void if in fact duly made.

**Same:** COST OF IMPROVEMENT: PAYMENTS. A city's portion of the
3 cost of paving an alley is properly payable out of the city's general revenue.

**Same:** ORDINANCES AND RESOLUTIONS: SIGNATURE OF MAYOR. Although
4 the statute requires that ordinances and resolutions of a city council shall be signed by the mayor before they shall take effect, except under certain conditions; still, where a city is acting under a special charter which provides that such city may have a president *pro tempore,* to be regularly chosen each year, whose duties are to preside at sessions of the council in case of the sickness or temporary absence of the mayor, and for the time being to perform the duties and functions of the mayor, his signature to a resolution of necessity for a public improvement, passed during the illness of the mayor, was sufficient.

**Same:** OBJECTION TO ASSESSMENT: INJUNCTION: WAIVER OF OBJECTION.
5 Objection by a property owner to the regularity and sufficiency of the primary steps taken by a city council, in ordering a public improvement and making an assessment for the cost, must be taken advantage of by objections filed with the city council and

an appeal from its adverse ruling; such objections, not going to the question of jurisdiction of the council to proceed to levy or enforce the assessment, can not be made the basis of a suit to enjoin the assessment. And where a property owner appears before the council and objects to certain irregularities in the proceedings, which objections are overruled, he can not thereafter raise such questions in a suit to enjoin the assessment.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

TUESDAY, FEBRUARY 8, 1910.

REHEARING DENIED, THURSDAY, APRIL 14, 1910.

ACTION in equity to enjoin the enforcement of a special assessment on the property of plaintiffs for street improvements, and to have cancelled certain certificates issued by the city to the contractor in payment therefor. There was a decree for the plaintiffs, and the defendants appeal.—*Reversed.*

*J. J. Seerley* and *A. T. Marshall,* for appellants.

*W. B. & H. R. Collins* and *John P. Hornish,* for appellees.

McCLAIN, J.—I. In May, 1905, a resolution was passed by the city council of Keokuk with reference to the repavement of an alley in said city on which the property of plaintiffs abutted at the expense of

1. MUNICIPAL CORPORATIONS: public improvement: discretion of council: review.

the abutting property. In July following, before a contract for the improvement had been let, plaintiffs instituted this action to enjoin defendants from paving said alley at the expense of the property owners; the ground alleged for the relief being that the alley was macadamized with stone and in good and ordinary repair and condition, and

that the action of the council in ordering the paving of the alley was not necessary for the public and private use thereof, and was beyond its discretion and power, and oppressive to abutting property owners. A demurrer to this petition was sustained, and the allegations with reference to the unnecessary and improper exercise of power on the part of the council in ordering the pavement of the alley which was not for the public interest and was oppressive to the abutting property owners was not again raised, and no relief was granted to plaintiffs on those grounds. Moreover, it is apparent that plaintiff was not entitled to any relief of that character, for the discretion of the council in determining whether the public interest required the making of the improvement was not open to judicial review, in the absence of some allegation and proof of fraud and oppression. *Des Moines Gas Co. v. Des Moines,* 44 Iowa, 505; *Brewster v. Davenport,* 51 Iowa, 427; *Dewey v. Des Moines,* 101 Iowa, 416; *Swan v. Indianola,* 142 Iowa, 731.

II.   In an amendment to the petition filed before the completion of the work, it was alleged that no certified copy of the contract to grade and pave was on file with the clerk, and that the city was indebted beyond its constitutional limit, so that any contract incurring an indebtedness would be void. The filing of the contract with the clerk before the commencement of the work is required by Code, sections 812, 966; but it appears from the record that the work was finally done under a contract, and it is plain that the failure of the clerk to discharge his ministerial duty in this respect would not render the contract void, if in fact it was duly made. At most, it was only an error or irregularity which might be made the basis of an objection before the city council as hereinafter indicated.

*2. SAME: contracts for public improvement: filing of the same.*

III.   From the evidence it appears that the only ex-

pense to the city involved in the improvement was an item

3. SAME: cost of improvement: payments.

of $6.43. This amount was in fact paid and was properly payable out of the general revenue of the city. Code, sections 820, 830, 832, 967, 979, 984; *Corey v. Ft. Dodge,* 133 Iowa, 666; *Swan v. Indianola,* 142 Iowa, 731.

IV. After the improvement had been completed and accepted by the city and the assessment therefor had been levied upon the abutting property, plaintiffs filed another amendment to their petition, alleging that

4. SAME: ordinances and resolutions: signature of mayor.

the resolution of intention was illegal because not signed by the mayor nor presented to him for signature. By Code, section 685,

it is required that ordinances and resolutions passed by the city council shall be signed by the mayor before they shall take effect, unless the mayor shall fail to call a meeting of the council within fourteen days and return the ordinance or resolution with his reasons for refusing to sign, or, on the return of such ordinance or resolution to the council with the mayor's objection, it shall be passed over his objections by not less than two-thirds vote. Under this statute signature by a temporary chairman of the council is not sufficient. *Moore v. City Council of Perry,* 119 Iowa, 423. But the city of Keokuk is acting under a special charter which provides that, in case of the sickness or temporary absence of the mayor, the duties of his office during such sickness or temporary absence shall be discharged by a president *pro tempore,* who is to be regularly chosen at a specified meeting each year, and who shall in the absence of the mayor preside over the sessions of the council, and for the time being perform all the duties and functions of the mayor. Now it appeared that, when the resolution of intention above referred to was passed by the city council, the mayor of the city was sick and unable to attend to business, and that the resolution was signed by the president *pro tempore* of the council

who presided at the session. We think that, under the charter of the city, this president *pro tempore* was in fact and in law discharging the duties of mayor, and was for the time being the mayor of the city, so that his approval of the resolution was sufficient. Although the requirement of Code, section 685, that the resolution must be signed by the mayor is by Code, section 952, made applicable to cities acting under special charter, that requirement was in fact complied with, for the charter of the city authorizes the appointment of an officer who should exercise the authority of mayor in case of the sickness or temporary absence of that officer.

V. The objections above referred to, as well as many others relating to alleged errors and irregularities in the making of the assessments and in the prior proceedings, were set forth in objections filed by plaintiffs before the city council, as provided in Code, section 823. These objections were by the council overruled, and the assessments were confirmed. Plaintiffs appealed from this action of the council under the provision made in that respect by Code, section 839, and this appeal was still pending in the district court when the case now before us was tried. We have no occasion to determine the sufficiency of the grounds of objection thus presented to the city council, nor the merits of the appeal. It is sufficient to say that the proceeding by the filing of objections and appeal is exclusive of the remedy sought in this case by injunction. The regularity and sufficiency of the initial steps in the ordering of the work and making of the assessment must be questioned in the method pointed out, and can not be made the basis of an action to enjoin the assessment of the costs after the work has been completed, and objections not thus made are waived. Code, sections 824, 965, 966. The case of *Bennett v. Emmetsburg,* 138 Iowa, 67, relied upon by plaintiffs as supporting their right to an injunc-

5. SAME: objection to assessment: injunction: waiver of objection.

tion on account of various alleged irregularities and defects in the proceedings, has been overruled in *Clifton Land Co. v. Des Moines,* 144 Iowa, 625, a case decided since the determination of the present case in the lower court. In view of what is said in that case, it is unnecessary to discuss the objections presented in this proceeding to the regularity of the steps taken by way of specifying the material to be used, the filing of a plat by the city engineer, the filing of a certified copy of the contract with the clerk, and in other respects. Only those objections which go to the jurisdiction of the council to proceed can be presented in an action to enjoin the levy or enforcement of an assessmnt for the improvement as made, and none of the objections now referred to are of that character. The proceeding for the making of this improvement was in fact properly instituted. The work was done under a contract let in pursuance of proper resolution, and, when completed, the work was accepted by the city council. Plaintiffs did, in fact, appear before the council and make their objections to alleged irregularities in the proceedings and insufficiency of the work as done. These objections were overruled. It is not competent for plaintiffs now to raise these objections in a proceeding to enjoin the enforcement of the assessment. The decree of the trial court is therefore reversed, and the case is remanded, with direction that plaintiff's petition be *dismissed*.