## SHINALL *v.* CITY OF CARTERSVILLE *et al.*

1. The constitution of Georgia does not authorize a municipality to incur a bonded indebtedness, without the assent of two thirds of the qualified voters thereof, at an election for that purpose, to be held as prescribed by law. The Civil Code (1910), § 440, prescribes that when a municipality desires to incur a bonded debt a certain procedure shall be followed, as to the giving of notice of the election, etc. This statutory provision requires that the desirability of incurring the bonded debt shall be determined by proper municipal action, which may be accomplished by ordinance or resolution. Under the act of 1911 (Acts 1911, p. 919), providing for a commission form of government for the City of Cartersville, "no ordinance or resolution of any kind, or for any purpose, shall become valid and effective until seventeen days after the same shall have been entered, and signed by the mayor, or by two of the other commissioners, in open meeting; and the minutes shall show that it was so signed and approved, together with the date of such signature." A resolution or ordinance providing for an election to authorize the incurring of a bonded debt, passed by the commissioners of Cartersville, does not become valid and effective until after the lapse of seventeen days from its signature by the mayor or two other commissioners. The existence of a complete and valid resolution or ordinance is a prerequisite to the

calling of an election to incur a bonded debt by the officers of a municipal corporation. Hence, where the commissioners of the City of Cartersville, upon the passage of a resolution calling for an election to sanction the issuance of bonds to raise money for contemplated municipal improvements, and before the expiration of the seventeen days as provided in the charter, published a notice for the holding of the election, the opening of books for the registration of voters, etc., such action was not authorized by a valid ordinance or resolution, and the election held under such circumstances, within less than thirty days from the time the resolution or ordinance became effective, was void.

2. Other objections raised by intervenor to the validation of the bonds are dependent on and determined by the foregoing rulings.

NOVEMBER 9, 1915. REHEARING DENIED DECEMBER 17, .1915..

Validation of municipal bonds. Before Judge Fite. Bartow superior court. September 4, 1915.

*Dean & Dean* and *L. H. Covington,* for plaintiff in error.

*J. H. Wikle, Finley & Henson,* and *J. M. Lang, solicitor-general,* contra.

EVANS, P. J. The solicitor-general of the Cherokee Circuit, in behalf of the State of Georgia, filed a petition for the validation of a series of bonds, alleged to have been authorized by the City of Cartersville by virtue of an election held for that purpose. J. A. Shinall, a taxpayer of the municipality, filed an intervention objecting to the validation of the bonds. His intervention was stricken on demurrer, and a judgment of validation entered.

1. The first objection of the intervenor is that the election was void because it was held by virtue of a resolution of the commissioners of the City of Cartersville, passed July 12, 1915;. and that the notice of publication of the election, the opening of the books of registration, and other steps taken towards the election, pursuant to the resolution, were illegal, for the reason that nothing could be done thereunder until seventeen days had elapsed after the entry and signing of the resolution. He grounds his contention upon the 16th section of the charter of the City of Cartersville (Acts 1911, p. 928), which declares that no ordinance or resolution shall become valid or effective until seventeen days after the same has been entered and signed by the mayor or two of the commissioners in open meeting.

The power to issue municipal securities is derived from the constitution and the statutes enacted to carry into effect the constitutional provision. The constitution declares that no county, municipality, or division shall incur any new debt (except for a

limited, temporary loan to supply casual deficiencies in revenue), without the assent of two thirds of the qualified voters thereof at an election for that purpose, to be held as may be provided by law. Civil Code (1910), § 6563. To carry into effect this constitutional provision it has been enacted that "When any county, municipality, or division shall desire to incur any bonded debt, as prescribed in paragraphs 1 and 2, section 7, Article 7 of the Constitution of 1877, the election required shall be called and held as follows, to wit: The officers charged with levying taxes, contracting debts, etc., for the county, municipality, or division shall give notice, for the space of thirty days next preceding the day of election, in the newspaper in which the sheriff's advertisements for the county are published, notifying the qualified voters that on the day named an election will be held to determine the question whether bonds shall be issued by the county, municipality, or division," etc. It will be observed that the statute declares that when any municipality desires to incur any bonded debt, the officers charged with the levying of taxes, contracting debts, etc., shall proceed in a specified way. But the initiative must come from the municipality, because it is only when it is determined that it is the desire of the municipality to issue bonds that the matter can be submitted to the people. The power to determine in respect to the municipality's needs and wants must be exercised by the municipal corporation. The legal authority, as granted by the statute, does not give the right to the corporate officials to determine on the desirability of incurring a bonded debt, but it is only to be exercised through resolution or ordinance. The general rule is, that when the statute commits the decision of a matter to the municipality to determine the desirability of incurring a bonded debt, and is silent as to the mode, the decision may be evidenced by resolution or ordinance. The authorities draw a distinction between a resolution and an ordinance. Some hold that the authority to set on foot a proceeding, the object of which is to create a general debt of the corporation in order to raise a fund for the construction of a permanent improvement intended to subserve the interest of the general public, which requires taxation of all property within the municipality to meet the indebtedness thus created, and makes provision for taking the necessary steps for the accomplishment of this purpose, is something more

than a mere declaration of an existing fact, and that the determination of the necessity for the issuance of bonds must be by ordinance. Elyria Gas & Water Company *v.* Elyria, 57 Ohio St. 374 (49 N. E. 335). But the weight of authority is that a municipal corporation may declare its will, as to matters within the scope of its corporate powers, either by resolution or ordinance, unless its charter requires it to act by ordinance; and that it is eminently proper for a municipality to act by resolution, if the action taken is merely declaratory of the will of the corporation in the matter. Beach on Pub. Corp. § 384; City of Alma *v.* Guaranty Saving Bank, 60 Fed. 203 (8 C. C. A. 564); State *v.* Jersey City, 27 N J. L. 493; Atchison Board of Education *v.* De Kay, 148 U. S. 591 (13 Sup. Ct. 706, 37 L. ed. 573). But whether the determination of the desirability or necessity of incurring a bonded debt by a municipality should be initiated by resolution or ordinance, all the authorities concur that when a statute delegates to a municipal corporation the power to issue bonds in a prescribed way, if the municipality should desire to issue bonds, municipal action is required. The municipality must act in the manner prescribed by its charter. *Town of Pelham* v. *Pelham Tel. Co.,* 131 *Ga.* 325 (62 S. E. 186). The City of Cartersville is acting under what is popularly known as a commission form of government. Its legislative functions are performed by three commissioners, and the manner in which they shall act in this respect is prescribed with great definiteness in the 16th section of the charter of 1911. It is there enacted: "That every ordinance or resolution appropriating money or ordering any street improvement or sewer, or making or authorizing the making of any contract, or granting any franchises or right to occupy or use the streets, highways, bridges, or public places in the city for any purpose, shall be complete in the form in which it is finally passed and remains on file with the city clerk for public inspection, at least one week before the final passage or adoption thereof; and no ordinance or resolution of any kind, or for any purpose, shall become valid and effective until seventeen days after the same shall have been entered, and signed by the mayor, or by two of the other commissioners, in open meeting; and the minutes shall show that it was so signed and approved, together with the date of such signature," etc. Acts 1911, p. 928. In this section the legislature provided that ordinances or reso-

lutions appropriating money, ordering street improvements, or granting franchises upon the streets or public places shall remain on file and open to public inspection in their completed form for five days before such ordinances or resolutions may be put upon their passage. With respect to this class of ordinances or resolutions no amendments or changes can be made during this interval of time. The General Assembly saw fit to differentiate ordinances which concerned the disposition of the public revenue and the grant of municipal franchises from ordinances and resolutions pertaining to the usual matters of municipal legislation. As a further safeguard against hasty legislation, it was provided that all ordinances and resolutions of whatever character, including those which are required to remain on file in their complete form for five days, as well as all others, should only become effective after seventeen days had elapsed since their entry and signing. We are not concerned with the considerations which prompted the legislature in limiting the passage of ordinances by the commissioners in this way. In their wisdom they declared in express terms that no ordinance or resolution of any kind or for any purpose shall be valid and effective until seventeen days after the same shall have been entered and signed by the mayor or two of the commissioners. The commissioners are without power to take any municipal action which requires municipal sanction, except as provided expressly or impliedly in the charter. The resolution or ordinance authorizing the calling of the election for the purpose of submitting the question of the issuance of the bonds, which are offered for validation in this proceeding, did not become valid and effective until the prescribed seventeen days had elapsed after it was entered and signed. Until then they had no power to proceed thereunder. The publication of the notice for the election and the opening of the books of registration for that election was not authorized by this inchoate municipal action, which had not become effective at the time these things were done. An election should be held in the mode prescribed by law for the calling of it; and where the law contemplates that it can only be initiated by ordinance or resolution, the election will not be valid unless the statutory requirements are followed. 1 Abbott, Mun. Corp. § 184.

2. The other questions raised by the intervenor, as rendering the election invalid, refer to the opening and closing of the books

of registration for the election, and whether a sufficient length of time had elapsed from the first publication in the newspaper containing the notice of the election until the date of the election, as prescribed by the statute. Inasmuch as these questions are dependent upon that discussed in the previous division of the opinion, it is not necessary to consider them.

*Judgment reversed. All the Justices concur, except Beck, J., absent.*