## OWENS *v.* CITY OF DALTON.

PER CURIAM. 1. The procedure in this case was somewhat anomalous. Under the name of amending an execution which had been issued by the clerk of a municipality for sidewalk improvement, and had been levied, and to which an affidavit of illegality had been interposed, a new execution was issued, levied, and attached to the original one, by direction of the mayor and council. The attorney for the city entered a joinder of issue with the averments of the affidavit of illegality, and offered to submit proof in support of the validity of the execution "as amended" and as originally issued. No objection was made to this form of amendment or joinder of issue, and the case went to trial thereunder. Under the peculiar facts of the case, it will be considered on the basis of the status thus created by means of the amended or substituted execution and the new levy, rather than on that alone arising under the original execution, levy, and affidavit of illegality.

2. If a motion or resolution was adopted by a municipal council, but the clerk, in entering it upon the minutes, inadvertently omitted a portion thereof, the same council had authority, some eight months thereafter, by resolution, to require the clerk to correct the minutes so as to make them speak the truth and copy upon them the motion or resolution as actually passed, it not appearing that any action had been taken by others on the faith thereof, or that any intervening rights had arisen to third persons.

(*a*) This was not a proceeding to change a motion or resolution actually passed, but simply to correct an erroneous entry or copy thereof inadvertently made by the clerk upon the minutes. The only ground of objection urged against the admission of such correcting resolution was that it was irrelevant and immaterial, and was passed after the work had been done to which the original motion related and after an execution had been issued and an affidavit of illegality had been filed. The record does not show any contention that in fact the original motion had not been adopted as claimed by the city council in their correcting resolution; or that in fact the clerk had not omitted certain words therefrom in entering it upon the minutes; or that there was any contention that there was a different officer or council.

3. While the actions of the mayor and council of the City of Dalton involved in this case may have been somewhat lacking in accuracy and precision, yet, when taken together, they are sufficient to satisfy the provision of the amended charter that "the said mayor and council of the City of Dalton shall have the power to grade, construct, and pave any and all sidewalks within the incorporate limits of the City of Dalton, Georgia, at any time when in their judgment they deem it best and may so declare by ordinance or resolution passed at any regular or call meeting of said mayor and council of the City of Dalton," etc. Acts 1910, pp. 576, 581.

4. Under the evidence there was no error on the part of the presiding judge, to whom the case was by consent submitted without a jury, in rendering judgment, upon the issue formed, against the defendant in

execution, and in overruling the affidavit of illegality and directing the execution to proceed. *Judgment affirmed. All the Justices concur.*

FEBRUARY 16, 1916.

Affidavit of illegality of execution. Before Judge Fite. Whitfield superior court. October 15, 1914.

At a meeting of the mayor and council of Dalton on July 21, 1913, the street committee submitted a report which began as follows: "The street com. beg to submit the following report: We think the sidewalks on the following streets are the most important and will be of most benefit to the general public, as they lead directly to and from the churches and schools." Then followed the names of certain streets or parts of streets, with the character of material to be used. Then followed this statement: "We recommend that when tile or cement is specified, that the property owners not be required to lay walk over four feet wide at this time. . . We also recommend that all property owners be required to repair their sidewalks when the street committee deems it necessary. We further recommend that the city assist in every way possible to buy the material for sidewalks so as to make the cost of sidewalks as small as possible. We further recommend that cement walks be made complying with the following formula and specifications . . We further recommend that all cement walks be laid before November 10th, 1913, and that all chert sidewalks and cement walks be laid to a grade, said grade to be fixed by the city, but the property owners to do the grading." This report was adopted. The minutes of August 18, 1913, as corrected, contained the resolution hereinafter stated. In the minutes of August 4, 1913, appears this entry: "On motion of Alderman Wood, that the chairman of the street committee be authorized to have street put on a grade on the streets where sidewalks are to be laid." In the minutes of September 13 appears the following: "On motion of Alderman Wood, that the chairman of the street committee be authorized to employ an additional sidewalk inspector if needed." In the minutes of September 15 occurs the following: "On motion of Ald. Bogle, that the chairman of the street committee be authorized to employ an inspector for inspecting sidewalks which are being laid by different contractors in the City of Dalton." In the minutes of a meeting held on October 6 occurs the following: "On motion of Ald. Wood, that the time limit in laying sidewalks be referred to the street

42

committee with power to act." In the minutes of the meeting held October 13 appears a resolution, that the street committee be vested with power to adopt plans and specifications of all sidewalks to be laid within the city; that in all cases where the owners of abutting property are allowed to build required sidewalks, they shall be required first to submit to the street committee, for their approval, the plans and specifications proposed; that any sidewalk not built in accordance with the requirements of the street committee shall be removed, and the street committee shall proceed to replace it with the proper sidewalk, assessing the cost thereof as provided by the charter; and that the street committee shall be authorized to revoke the license of any contractor intentionally evading the requirements of the plans and specifications under which he is working.

The other municipal actions material to the case are hereinafter stated. On October 28, 1913, the clerk of the City of Dalton issued an execution directed to the city marshal, commanding that he make, by levy and sale of certain described city lots, the sum of $44.50, with thirty cents as costs of the fi. fa., "which sum has been assessed against the city lots by the City of Dalton for the cost of the sidewalk laid in front thereof." On the same date a levy was made on the lots described. On November 6 thereafter the owner interposed an affidavit of illegality on three grounds: (1) that he denied that any amount was due on the execution; (2) that the mayor and council had never declared, by ordinance or resolution passed at any regular or called meeting, their intention to exercise the power to grade, construct, and pave the sidewalks, as provided by the charter; (3) that no assessment had been made against the affiant's property as provided by law. On April 6, 1914, while the issue thus made was pending in the superior court, the mayor and council adopted a resolution which recited, that the minutes of a meeting held on August 18, 1913, showed the following entry: "On motion of Alderman Thomas, the chairman of the street committee notify all property owners to build sidewalks in sections where sidewalks are to be built;" that the motion actually made and adopted at the meeting mentioned was as follows: "On motion of Alderman Thomas, that the chairman of the street committee notify all property owners to build sidewalks in sections where sidewalks are to be built, and

that unless the notice be complied with, the city proceed to build the same and the cost be assessed against the abutting property;" that the clerk inadvertently omitted from the minutes the latter part of the motion actually adopted; and that the minutes should be amended by adding the omitted words. On the same day they also adopted an ordinance which recited, that on July 21, 1913, certain sidewalks were ordered to be paved by the owners of abutting property, and that, in default of the laying of such sidewalks by the property owners, the city would proceed to lay the same, and the cost would be assessed against the abutting property; that the property owners having failed to do so, the sidewalks were constructed by direction of the mayor and council; and it was ordained that a certain assessment roll was adopted, which included an assessment against the lots here involved to the amount of the execution. It was further ordained that "In cases where execution has already been issued for said amounts, the clerk amend said executions by issuing substitutes therefor, to be attached thereto, reciting the fact of this assessment, and that the marshal of said city relevy said executions as amended." Accordingly, on April 7, the clerk issued another execution directing a levy to be made upon the same lots for the same amount, referring to this assessment. It contained this recital: "By direction of the mayor and council of the City of Dalton, by ordinance passed at the meeting of April 6, 1914, the following is issued in lieu of execution issued October 28, 1913, against certain city lots in the City of Dalton as the property of J. A. Owens, and to be by you attached thereto as a substitute therefor." On the same day on which it was issued this execution was levied on the same property. Apparently it was attached to the former execution, as the two are to be found in the record together. Counsel for the city joined issue in the following language: "Now comes the City of Dalton and joins issue with the averments made by deponent Owens in his affidavit of illegality, and says: Said City of Dalton denies the allegations of paragraphs one, two, and three of the affidavit, and offers to submit proof in support of the validity of its said execution, as amended on April 7th, 1914, and as originally issued. Wherefore it prays judgment in its favor."

The case was submitted to the presiding judge without a jury. He rendered judgment in favor of the city. The affiant moved

for a new trial, on the following, beside the general grounds: (1) Because the court admitted in evidence the ordinance of April 6, 1914, which was described in the motion for a new trial as what purported to be "an amendment of the ordinance of the City of Dalton," the amending ordinance having been adopted after the work had been completed, the fi. fa. had been issued, and the affidavit of illegality had been filed. The objection was that the ordinance was irrelevant and immaterial, and, having been passed after the work was done, and after the issuance of the fi. fa. and the filing of the affidavit of illegality, could not make the fi. fa. legal against affiant. (2) Because the court admitted in evidence, over objection, the ordinance of April 6, 1914, adopting the assessment roll, as set out above. The objection was that the ordinance was passed after the work had been done, and after the fi. fa. had been issued, and after the illegality had been filed, and that, no assessment having been made before the fi. fa. issued and the illegality was filed, the ordinance could not then cure the defect by making an assessment roll. The motion was overruled, and the affiant excepted.

W. E. Mann, for plaintiff in error.   M. C. Tarver, contra.