### 7621. CITY OF ROME *v.* REESE.

1. The act of the General Assembly of Georgia, approved August 4, 1914, providing for a commission form of government for the City of Rome, is mandatory in requiring, for the abolition of an existing municipal office, a recommendation of the first commissioner, and that all votes taken thereon shall be by "aye" or "no," and shall so appear on the minutes of the commission; and where the minutes not only fail to show such a recommendation, but also fail to set forth the "aye" and "no" vote as prescribed, parol evidence of such recommendation and vote is not admissible.

2. The evidence did not require a finding by the jury that the plaintiff had acquiesced in the attempted abolition of his office.

DECIDED MARCH 20, 1917.

Complaint; from city court of Floyd county—Judge Nunnally. May 26, 1916.

Reese was elected, on the first Monday in April, 1914, by the mayor and council of the City of Rome, as tax-receiver for the term of two years. The General Assembly, by an act approved August 4, 1914, provided for that city a commission form of government, to consist of five commissioners. Acts of 1914, p. 1140. When these commissioners assumed the duties of their office on the first Monday in April, 1915, Reese had served one year of his term of office as tax-receiver. The day after the commissioners went

into office (April 6, 1915), they attempted to abolish the office of tax-receiver; thereby depriving the incumbent of the emoluments thereof; and on August 21, 1915, he brought suit against the City of Rome for compensation alleged to be due him as tax-receiver for that year. The act of 1914, supra, section 3, provides that the commission "shall have the right to abolish any office, under the charter, . . upon the recommendation of the first commissioner." By section 7 it is provided that those holding office at the time the act becomes effective shall hold for the remainder of the terms for which they were elected, unless the office is sooner abolishd by the commissioners under the authority given by the act. By section 9 the commissioners are required to "keep minutes of their proceedings," and to "record all their actions thereon," and it is provided that "all votes taken shall be by 'aye' or 'no' *and shall appear on the minutes.*" On the minutes of the commission, of April 6, 1915, appears the following: "Present, Hon. W. M. Gannon, first commissioner, A. B. Arrington, F. V. Holbrook, J. P. Jones. On motion of commissioner Arrington, the office of tax-receiver was abolished." This suit is based upon the contention that the office of tax-receiver was not legally abolished, and therefore that the plaintiff had not been legally ousted as the incumbent thereof, under the terms of the power granted by the General Assembly in the act referred to.

*Max Meyerhardt,* for plaintiff in error. *Barry Wright,* contra.

JENKINS, J. (After stating the foregoing facts.) 1. From the above it will appear that the minutes of the commission did not conform to the statutory requirements laid down by the General Assembly. The legislature has seen fit to declare, in express terms, how any municipal action by this commission shall be taken, and to provide that the minutes must show a compliance with the requirements thus laid down. If such legislation be mandatory, any action on their part, not in substantial accordance therewith, is null and void. 28 Cyc. 333. To abolish an office or remove an incumbent, statutory requirements should be strictly followed. 2 Dill. Mun. Corp. § 468. The abolition of a municipal office should be accomplished by ordinance or resolution. 28 Cyc. 349 (9). The distinction between an ordinance and a resolution is usually considered to be that, while a resolution deals with matters of special or temporary character, an ordinance prescribes

some permanent rule of government. Under the act with which we are here concerned, however,. in either case, the requirements we have set forth are applicable.

The decisions of the various judicatories are not in entire accord as to whether a statutory provision requiring the record by aye and no vote of municipal action is mandatory or merely directory; but we find the strong weight of authority, especially in the later and what we deem the better considered cases, to uphold the doctrine that such a requirement is mandatory and constitutes an essential element to support the validity of an ordinance or resolution. In *Shinall* v. *Cartersville,* 144 *Ga.* 219 (87 S. E. 290), Presiding Justice Evans uses the following language: "The City of Cartersville is acting under what is popularly known as a commission form of government. Its legislative functions are performed by three commissioners, and the manner in which they shall act in this respect is prescribed with great definiteness in the 16th section of the charter of 1911. . . The commissioners are without power to take any municipal action which requires municipal sanction, except as provided expressly or impliedly in the charter." We have no doubt that the General Assembly, after conferring large and far-reaching powers upon the commissioners of the City of Rome, had an essential and important purpose in prescribing that all of their actions should be taken by aye and no vote, which should in all cases be recorded in that way upon the minutes. This purpose was doubtless, in part at least, to impress each member of the commission with his individual responsibility and to compel each to bear his share thereof by means of a permanent record of his action, incapable of dispute. We can not hold such a requirement to be non-essential and merely directory in its nature, for if the purpose indicated was in part the legislature's intent, such purpose is not one of form, but of substance, which might theoretically affect the actual result of its action. Were such provision intended merely to render more certain what particular procedure had in fact been taken, then the rule might be otherwise, and it might properly come within the reasoning of Judge Broyles in the case of *Moore* v. *Thomasville,* 17 *Ga. App.* 285 (86 S. E. 641), relating to provisions requiring that ordinances shall be signed by the mayor.

In Steckert v. City of East Saginaw, 22 Mich. 104, the rule an-

nounced is as follows: "A charter which requires that the vote of a city council, in certain cases, shall be entered at large on their minutes is designed to accomplish an important public purpose; it can not be regarded as immaterial, nor its observance dispensed with. The record of a vote that it 'was adopted unanimously on call,' the names of those voting not otherwise appearing than by the statement of those present at the opening of the session, is not a compliance with the statute. Neither the spirit nor the purpose of the act can be satisfied without entries on the minutes, showing who voted on each resolution embraced within the terms of the act, and how the vote of each was cast; in other words, the ayes and noes on each resolution must be entered at large on the minutes." In the case of O'Neil *v.* Tyler, 3 N. D. 47, 48 (53 N. W. 434), the court said: "Section 13 of the charter of the City of Fargo, as amended in 1881, provides 'that upon the passage of all ordinances the yeas and nays shall be entered upon the record of the city council.' This provision is mandatory, and it appearing that an ordinance . . . was adopted in violation of said provision, and that upon its passage by the council the yeas and nays were not entered upon the record, held, that said ordinance was not legally adopted, and hence never became a valid ordinance." In Preston *v.* Cedar Rapids, 95 Iowa, 71, 76 (63 N. W. 577), Justice Kinne, speaking for the court, said: "It does not appear, nor is it claimed, that the charter of defendant city requires that upon the passage of an ordinance the yeas and nays shall be called and recorded. Rule 18 adopted by said city, and which was offered in evidence by it, provides that 'all votes taken on the adoption of ordinances shall be taken by yeas and nays; each member upon his name being called, unless for special reasons he be excused by the council, shall declare openly and without debate his assent or dissent to the question.' The record before us shows all of the aldermen voted for the adoption of this ordinance. Inasmuch as there was no statute or rule requiring that the yeas and nays be recorded, we do not think that the ordinance can be successfully assailed because no record was made of the vote. It is true the record does not show that the yeas and nays were called, but it does show that all of the aldermen voted for the ordinance. Under such circumstances, we may well presume that the ordinance was adopted or passed in the manner required by the rule." In Brophy *v.* Hyatt,

10 Colo. 223, it was held that "Any mode by which the vote of each member is clearly and definitely ascertained for the purposes of the record is sufficient." In Town of Olin v. Meyers, 55 Iowa, 209 (7 N. W. 509), it was said: "If the yeas and nays were not required to be called and recorded we might presume that a majority of the members voted for the ordinance, as was done in Brewster v. Davenport, 51 Iowa, 427 (1 N. W. 737). But upon the passage of such an ordinance no such presumption can be indulged, because the record must affirmatively show that the yeas and nays were called. They must be recorded. Counsel for appellant insists that this omission was a mere irregularity, which did not affect the validity of the ordinance. It appears to us that the above provision is mandatory, and that its observance is necessary to give validity to the ordinances of a municipal corporation. Dillon on Municipal Corporations, vol. 1, sec. 229."

It is contended, however, on the part of the city, that the court erred in excluding parol evidence offered for the purpose of showing that the commissioners, in the attempted abolition of this office, substantially complied with the requirements of the act. Testimony of the secretary of the commission was offered to the effect that the abolition of the office was in fact upon the recommendation of the first commissioner, and that a yea and nay vote was had thereon, but that he, the secretary, failed to so state on the minutes. This court is of the opinion that the ruling of the trial judge in rejecting this testimony was in accordance with law. As will be seen from what we have already said, it is our opinion that the requirement of the legislature, that the minutes shall show the recommendation of the first commissioner and the aye and no vote taken thereon, is as much mandatory as the requirements that such recommendation must be first made and that the vote thereon be taken in the mode prescribed. In the case of Owens v. Dalton, 144 Ga. 656 (87 S. E. 913), our Supreme Court held that when a motion or resolution is adopted by a municipal council, but imperfectly recorded by the clerk, the same council has authority, by resolution made thereafter, to require the clerk to correct the minutes so as to make them speak the truth; but it is recognized in that case that such action reforming the resolution does not relate back so as to affect any intervening right which has arisen to a third person. While it may be true that the duty

of actually setting forth the proceedings of the commission devolved upon its secretary, still the requirement of the law making such record obligatory is mandatory not upon the official named, but upon the commission itself; and the proper remedy, in order to obviate the failure of such compliance, lay in its promptly taking the necessary steps to reform its record of the proceeding, without which it would not be allowed to show by parol evidence that its minutes did not speak the whole truth. Indeed, this identical question was passed upon by the Supreme Court of Indiana in the case of City of Logansport *v*. Crockett, 64 Ind. 319, in which it was held: "The yeas and nays must, in like manner, be taken and entered of record on the adoption of a resolution by the common council, fixing the salary of the city attorney. . . Parol evidence is inadmissible to prove the yeas and nays on the adoption of a resolution by the common council of a city, removing the city attorney; the record, or a duly authorized copy thereof, being the only competent evidence of such fact. . . Where the city clerk has failed to keep the yeas and nays upon the adoption of a resolution by the common council, the proper remedy is for the common council to cause a nunc pro tunc entry of the yeas and nays to be made." The Code of Georgia, § 5803, provides as follows: "Exemplifications of the records and minutes of municipal corporations of this State, when certified by the clerks or keepers of such records, under seal, shall be admitted in evidence under the same rules and regulations as exemplifications of the records of the courts of record of this State." We think the rule of the Indiana court is sound, and that, in a case of this sort and for the purpose there intended, the admission of the minutes themselves, or the prescribed authenticated copy of such record, is the only competent method of proving the resolution. A decision by the Supreme Court of New York, in 16 Hun. 497, likewise holds, in a case similar to this, that such proof can not be supplied by evidence aliunde.

2. It is insisted that the plaintiff acquiesced in the abolition of the office, and therefore is not entitled to recover in this suit. There is no merit in this contention. The plaintiff testified as follows: "I was tax-receiver of the City of Rome. I was not present when the city commissioners undertook to abolish my office, on April 6, 1915. I was at my desk. My fiscal year began

the first of April. Mr. McCrary came in after the meeting and told me he was sorry, but that they had ousted me, had abolished my office. He is clerk or secretary of the commission. Since that time and for the balance of my term I was willing, ready, and able to perform the duties of my office. I was elected for two years, and had served part of my time on the second year, had no notice of the abolishment of the office, or anything of the kind. I was elected from the first Monday in April, 1914, for two years. I was there serving and had received some returns on that year. The commissioners had a meeting in the afternoon on Monday or Tuesday. I think it was the 6th day of April. From the 6th day of April, 1915, until this day I have never offered my services to the City of Rome. I have not performed any services for the City of Rome since the 6th day of April, 1915. I have done nothing since that time in the shape of getting in taxes or anything of that kind. I did not perform any services for the city, because I was notified my office was abolished. I thought at that time it was. I received no written notice, but I know when a man tells me a plain thing. The only notice I received was a verbal notice from Mr. McCrary. As a matter of fact the next morning they employed Mr. Jenkins to take charge of the duties I was performing. I went up there the next morning and I told him, I says, 'Tom, since they have gotten rid of me, I had rather see you here than anybody.' I says, 'Anything in the world I can show you, I will be glad to do it.'" Acquiescence is where a person knows, or ought to know, that he is entitled to enforce his right or to impeach a transaction, and neglects to do so for such a length of time as would imply that he intended to waive or abandon his right. Acquiescence and waiver are generally questions for the jury, and we think it was properly such in this case. In the case of Pence v. Langdon, 99 U. S. 578, Justice Swayne said: "There must be knowledge of fact which will enable the party to take effectual action. Nothing short of this will do. But he may not wilfully shut his eyes to what he might see and ought to have known."

3. If the abolition of the municipal office was invalid and the incumbent in good faith was willing to perform the duties of the office, it follows that he is entitled to its emoluments. The verdict is not contrary to law, and, being supported by the evidence, the trial judge did not err in refusing to grant a new trial.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*